BEKINS VAN LINES, INCORPORATED, ET AL. *v.* RILEY, STATE CONTROLLER OF CALIFORNIA.

No. 13. Argued April 18, 1929.—Decided November 25, 1929.

*Mr. Samuel T. Bush,* with whom *Mr. William Sea, Jr.,* was on the brief, for appellants.

*Mr. Frank L. Guerena,* Deputy Attorney General of California, with whom *Mr. U. S. Webb,* Attorney General, was on the brief, for appellee.

Opinion of the Court by MR. JUSTICE McREYNOLDS, announced by the CHIEF JUSTICE.

Appellants, as common carriers, are engaged in transporting freight by motor vehicles for hire along public highways between fixed termini and over regular routes within California. The 1926 Amendment to the Constitution and the statutes of that State lay upon such carriers a tax of 5% of their gross receipts in lieu of all other taxes, while other freight carriers, common and private, by motor vehicles, are subjected to different and, it is alleged, less burdensome taxation. Cal. Const., Art. 13, § 15; March 5, 1927, Chap. 19, 1927 Cal. Stats.

By this proceeding, instituted July 21, 1928, appellants ask that the constitutional amendment and the statute

which undertake to lay such tax upon them be declared discriminatory and in conflict with § 1, of the Fourteenth Amendment; also that an injunction issue against the State Controller forbidding him from attempting to enforce payment.

Upon motion, without written opinion, the District Court—three judges sitting—dismissed the bill. The cause is here by direct appeal; and the only matter for our determination is the validity of the challenged classification.

The power of a State in respect of classification has often been declared by opinions here. We are unable to say that there was no reasonable basis for the one under consideration; the court below reached the proper result; and its decree must be affirmed.

Appellants voluntarily assumed the position of common carriers operating between fixed termini and enjoy all consequent benefits. That a marked distinction exists between common and private carriers by auto vehicles. appears from *Frost* v. *Railroad Commission,* 271 U. S. 583 and *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570. Sufficient reasons for placing common carriers, operating as appellants do, in a special class are pointed out by *Raymond* v. *Holm,* 165 Minn. 215; *State* v. *Le Febvre,* 174 Minn. 248; *Iowa Motor Vehicle Assn.* v. *Board of Railroad Commissioners,* 207 Iowa 461; *Liberty Highway Co.* v. *Michigan Public Utilities Commission,* 294 Fed. 703. Their use of the highways probably will be regular and frequent and, therefore, unusually destructive thereto. Also it will expose the public to dangers exceeding those consequent upon the occasional movements of other carriers.

Although relied upon by counsel and said to be almost identical with the case at bar, *Quaker City Cab Co.* v. *Pennsylvania,* 277 U. S. 389, gives no support to claim of

undue discrimination. We regard the controversy as not open to serious doubt and further discussion of it seems unnecessary.

*Affirmed.*