## AERO MAYFLOWER TRANSIT CO. *v.* GEORGIA PUBLIC SERVICE COMMISSION ET AL.

No. 586.   Argued April 4, 1935.—Decided April 29, 1935.

*Messrs. Edgar Watkins, Jr.,* and *Edgar Watkins* for appellant.

*Mr. B. D. Murphy,* Assistant Attorney General of Georgia, with whom *Mr. M. J. Yeomans,* Attorney General, was on the brief, for appellees.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The validity of a statute of Georgia under the Commerce Clause (Article I, § 8, clause 3) and the Fourteenth

Amendment of the Constitution of the United States is challenged by the appellant, a private carrier for hire engaged in interstate commerce.

The statute is known as the "Motor-Carrier Act of 1931." Georgia Laws, Ex. Sess. 1931, p. 99. It prescribes a system of regulation for private carriers for hire. Common carriers are subject to the provisions of a separate statute. With exceptions to be stated later, every private carrier operating a motor vehicle in the business of transporting persons or property for hire over any public highway in the state must comply with certain conditions. The carrier must apply for and obtain from the Public Service Commission a certificate of public convenience and necessity (§ 4); must give a bond with adequate security for protection against damage caused by negligence (§ 7); must pay for the certificate a fee of $35 (§ 17); and at the same time and annually thereafter must pay a registration and license fee of $25 (§ 18) for every vehicle so operated. The fees when received by the Comptroller General of the state are to be transmitted to the State Treasurer who is to keep them in a separate fund. This fund is to be subject to the control of the State Highway Department and is to be devoted to the maintenance and repair of the highways of the state.

The exceptions to the foregoing requirements are stated in § 2. The act does not apply to a business conducted exclusively within the incorporated limits of any city or town. Cf. *Continental Baking Co.* v. *Woodring,* 286 U. S. 352, 366. It does not apply to "cars and trucks hauling people and farm products exclusively between points not having railroad facilities, and not passing through or beyond municipalities having railroad facilities, where not more than seven passengers and/or one and one-half tons of freight are transported." § 2 (1). It does not apply to "motor-vehicles engaged exclusively in the transportation of agricultural and/or dairy products between any of the following points: farm, market, gin, warehouse, or mill,

where the weight of the load does not exceed 10,000 pounds, whether such motor-vehicle is owned by the owner or producer of such agricultural or dairy products or not, so long as the title remains in the producer." § 2 (2). Definitions of a " producer " and of " agricultural products," which are contained in the same subdivision, are quoted in the margin.* There are other exceptions in other subdivisions, but they are omitted from this summary, for the attack upon the statute is not aimed at their provisions.

The appellant, a private carrier for hire, is engaged in the transportation of household and office furniture between points in Georgia and other states, and is not within the range of any of the exceptions. It obtained a certificate of convenience and necessity, and paid the statutory fee therefor. It gave approved security for the protection of its customers and the public in the event of injury through negligence. All this it did before beginning the present suit, and in so doing took out of the case any question as to the validity of the statute in respect of those conditions. What it is contesting now is the validity of the requirement that for every motor vehicle it must pay an annual fee of $25 in order to obtain a license. Joining as defendants the Georgia Public Service Commission, the members thereof, and the Comptroller General of the state, it brought this suit to restrain

* " . . . And the word ' producer ' shall include a landlord where the relations of landlord and tenant or landlord and cropper are involved. The phrase ' agricultural products ' as used in this Act shall include fruit, live stock, meats, fertilizer, wood, lumber, cotton, and naval stores, household goods and supplies transported to farms for farm purposes, and/or other usual farm and dairy supplies, and including products of grove and/or orchard, and also poultry and eggs, and also fish and oysters, and all country merchants in rural districts who handle poultry and farm products in pursuance to their own business, and not for hire, and timber and/or logs being hauled by the owner thereof, or his agents and/or employees between forest and mill or primary place of manufacture."

interference with its business by the arrest or prosecution of its drivers or otherwise as a consequence of its refusal to pay the annual fee. The trial court sustained a demurrer and dismissed the complaint. The Supreme Court of Georgia affirmed. 179 Ga. 431; 176 S. E. 487. The case is here upon appeal. Judicial Code § 237; 28 U. S. C., § 344.

*First.* The statute in imposing an annual license fee for the maintenance of the highways does not lay an unlawful burden on interstate commerce.

The fee is moderate in amount; it goes into a fund for the upkeep of highways which carriers must use in the. doing of their business; it is exacted without hostility to foreign or interstate transactions, being imposed also upon domestic vehicles operated in like conditions.

Its validity in this aspect is attested by decisions so precisely applicable alike in facts and in principle as to apply a closure to debate. *Clark* v. *Poor,* 274 U. S. 554; *Hicklin* v. *Coney,* 290 U. S. 169, 173; *Sprout* v. *South Bend,* 277 U. S. 163, 171; *Bradley* v. *Public Utilities Comm'n,* 289 U. S. 92, 95; *Continental Baking Co.* v. *Woodring, supra;* cf. *Interstate Transit, Inc.* v. *Lindsey,* 283 U. S. 183.

The appellant urges the objection that its use of roads in Georgia is less than that by other carriers engaged in local business, yet they pay the same charge. The fee is not for the mileage covered by a vehicle. There would be administrative difficulties in collecting on that basis. The fee is for the privilege of a use as extensive as the carrier wills that it shall be. There is nothing unreasonable or oppressive in a burden so imposed. Cf. *Clark* v. *Poor, supra; Hicklin* v. *Coney, supra.* One who receives a privilege without limit is not wronged by his own refusal to enjoy it as freely as he may.

*Second.* The exceptions permitted by the statute, in so far as they are challenged by the appellant, do not amount to a denial of the equal protection of the laws.

The statute makes an exception, as we have seen, for the benefit of vehicles engaged in hauling passengers or farm products between points not having railroad facilities, and not passing through or beyond municipalities having such facilities, with certain limitations as to the number of the passengers and the quantity of the freight. This is a reasonable exception. Travelers and farmers without convenient access to a railroad stand in need of other means of transportation. There might be hardship in adding to their burdens. The wear and tear upon a road is not likely to be heavy when the haul must begin at a town without railroad facilities, must end at a like town, and must not pass through any town which does have them. Not many carriers for hire will be tempted to do business in such neighborhoods exclusively. *Sproles* v. *Binford,* 286 U. S. 374, 394, supplies an apposite analogy.

Another exception, and one that more than any other has drawn the appellant's fire, is for the benefit of motor vehicles engaged exclusively in the transportation of agricultural or dairy products, whether the " vehicle is owned by the owner or producer of such agricultural or dairy products or not, so long as the title remains in the producer." The Supreme Court of Georgia, construing that provision in this case, has said that the final clause, " so long as the title remains in the producer," qualifies the entire exception, as indeed it obviously does. In an earlier case (*Nance* v. *Harrison,* 176 Ga. 674; 169 S. E. 22), the same court, familiar doubtless with local conditions, pointed out some of the considerations of policy that underlie the statute. The court observed (p. 682) that " many of the farm products must be brought from remote sections unaccommodated by the better system of roads— in some cases not even by a public road." This might make it necessary to offer some inducement to carriers "in order to insure adequate service in the transportation of such commodities." The court took notice of a common

opinion, "well justified by the facts," that the farm lands of the state had been "accustomed to bear an undue proportion of the taxes." The effect of the exception would be to equalize the burden. "Every one knows that as a general rule a tax of this kind finally reaches the consumer of the product, or user of the service; and hence an exemption of carriers of such products is to be taken as an exemption of the products themselves, and not of the carrier." The enumeration of rational bases of distinction was not put forward as exhaustive. The court expressed the belief that others could be added.

We think a classification thus designed to ameliorate the lot of the producers of farm and dairy products is not an arbitrary preference within the meaning and the condemnation of the Fourteenth Amendment. The plight of the Georgia farmer has been pictured by the state court in words already quoted. To free him of fresh burdens might seem to a wise statecraft to be a means whereby to foster agriculture and promote the common good. The case is very different from *Smith* v. *Cahoon,* 283 U. S. 553. There a Florida statute, similar to this one in many of its provisions, gave relief from its exactions to any transportation company engaged exclusively in the carriage of agricultural, horticultural, dairy or farm products, whether for the producer or for any one else. The attack was not directed, as in the case at hand, to an exemption of a particular class of carriers upon rational grounds of policy from the payment of an annual tax. What was complained of in that case was a release from the obligation imposed upon carriers in general to give a bond or insurance policy in promotion of the public safety. It was with reference to that exemption, not challenged by the appellant here, that the court condemned the statute. "So far as the statute was designed to safeguard the public with respect to the use of the highways, we think that the discrimination it makes be-

tween private carriers which are relieved of the necessity of obtaining certificates and giving security, and a carrier such as the appellant, was wholly arbitrary and constituted a violation of the appellant's constitutional right." 283 U. S. at p. 567; cf. *Nance* v. *Harrison, supra,* at p. 681.

*Smith* v. *Cahoon* has been considered in later cases in this court, and the limits of its holding, clear enough at the beginning, have been brought out in sharp relief. Thus, in *Continental Baking Co.* v. *Woodring, supra,* at p. 371, which came here from the State of Kansas, exemption from various forms of regulation, including the payment of a tax, was accorded to " the transportation of livestock and farm products to market by the owner thereof or supplies for his own use in his own motor vehicle." The exemption was upheld. Again, in *Hicklin* v. *Coney, supra,* at p. 175, a statute of South Carolina gave exemption to " farmers or dairymen, hauling dairy or farm products; or lumber haulers engaged in transporting lumber or logs from the forests to the shipping points." The exemption was interpreted by the highest court of the state as limited to cases where the hauling was irregular or occasional and not as a regular business. We upheld the statute as thus interpreted though the effect was to relieve from the filing of a bond.

These cases and others like them (*American Sugar Refining Co.* v. *Louisiana,* 179 U. S. 89) are illustrations of the familiar doctrine that a legislature has a wide discretion in the classification of trades and occupations for the purpose of taxation and in the allowance of exemptions and deductions within reasonable limits. *Bell's Gap R. Co.* v. *Pennsylvania,* 134 U. S. 232; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114, 125; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563, 572; *Stebbins* v. *Riley,* 268 U. S. 137, 142; *Ohio Oil Co.* v. *Conway,* 281 U. S. 146, 159; *State Board of*

*Tax Comm'rs* v. *Jackson*, 283 U. S. 527. How far it may relieve a special group of carriers from the filing of a bond for the safety of the public, may depend on very different considerations, as, for instance, the extent or regularity of the traffic thus excepted. This will vary from state to state. The excepted carriers in Florida did business, it seems, " between fixed termini or over a regular route." *Smith* v. *Cahoon*, 283 U. S. at p. 566. There is nothing in the present record to advise us as to the extent or regularity of traffic in farm and dairy products by carriers in Georgia. Be that as it may, exemption from a tax stands upon a different footing, though the purpose of the tax is the upkeep of the highway. At such times the legislature may go far in apportioning and classifying to the end that public burdens may be distributed in accordance with its own conception of policy and justice. If its action be not arbitrary, the courts will stand aloof.

We have reserved up to this point the statement of a final objection to the statute now pressed by the appellant. The objection is aimed at the definition of agricultural products, already quoted in this opinion, and especially to the inclusion of household goods and supplies, and to the accompanying words of reference to the business of a country merchant. The clauses in question are awkward and obscure. Apparently, household goods and supplies are covered by the exception though moving *to* the farm, but only then, it seems, if transported to be used for farm purposes and in vehicles devoted to farm uses and no others. Indeed, all the enumerated articles grouped as agricultural are either products of a farm or incidental to its upkeep. Country merchants are exempted when they " handle poultry and farm products in pursuance to their own business, and not for hire." If the handling here referred to has to do with handling in the course of transportation, the exemption has been stated out of over-abundant

caution, for carriage not for hire, whether by country merchants or by others, is without the statute altogether.

We do not attempt to pass upon the meaning of the provisions considered in the foregoing paragraph, or upon their validity under the Fourteenth Amendment, or upon the propriety, if they are to any extent invalid, of severing them from other parts of the statute and upholding what remains. *Dorchy* v. *Kansas*, 264 U. S. 286, 290, 291. Cf. §§ 22 and 29 of the Motor Carrier Act of 1931. No question as to their meaning or validity was raised by the appellant in its petition or complaint. Other clauses of the statute were quoted and assailed as void. These were not even mentioned. No question as to the meaning or validity of these provisions was decided or referred to by the Supreme Court of Georgia. The opinion of that court summarizes the allegations of the complaint, and considers the objections there stated and no others.

This court is a court of review and limits the exercise of its jurisdiction in accordance with its function. *Edward Hines Trustees* v. *Martin*, 268 U. S. 458, 465; *Wilson* v. *McNamee*, 102 U. S. 572; *Old Jordan Mining Co.* v. *Société des Mines*, 164 U. S. 261, 265; *Bass, R. & G., Ltd.* v. *State Tax Comm'n*, 266 U. S. 271, 284, 285. The need of forbearance is commanding when the judgment brought before us comes from a state court and calls for the construction and application of the provisions of a local statute. In such circumstances we are deprived of an important aid to the wise performance of our duties if we proceed to a decision as to matters undetermined and unheeded in the judgment of the state tribunals. *Stephenson* v. *Binford*, 287 U. S. 251, 277.

The decree of the Supreme Court of Georgia is accordingly

*Affirmed.*