# MORF v. BINGAMAN, COMMISSIONER OF REVENUE FOR NEW MEXICO.*

No. 772.   Argued April 30, May 1, 1936.—Decided May 18, 1936.

---

* Together with No. 898, *U. S. Fidelity & Guaranty Co.* v. *Bingaman, Commissioner of Revenue for New Mexico.* Appeal from the District Court of the United States for the District of New Mexico.

*Messrs. Ralph K. Pierson* and *George E. Remley,* with whom *Mr. Harry S. Bowman* was on the brief, for appellants.

*Mr. Quincy D. Adams,* Assistant Attorney General of New Mexico, with whom *Mr. Frank H. Patton,* Attorney General, and *Mr. Amos M. Mathews* were on the brief, for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on appeal, Judicial Code, § 238, from a decree of the district court for New Mexico, three judges sitting, 12 F. Supp. 755, dismissing the bill of complaint by which appellant sought to enjoin appellee, the state Commissioner of Revenue, from enforcing the provisions of a state law exacting a permit fee for the privilege of transporting motor vehicles over the highways of the state for purpose of sale.

The statute assailed, Chapter 56 of the New Mexico Session Laws of 1935, denies to all persons the use of the highways of the state for the transportation of any motor vehicle, on its own wheels, for the purpose of selling it or offering it for sale within or without the state, unless the vehicle is (1) licensed by the state, or is (2) owned by a licensed automobile dealer and operated under a

dealer's license, or is (3) operated under a special permit issued by the state Commissioner of Revenue for its transportation. For such a permit the statute levies a fee of $7.50 if the vehicle is transported by its own power, and a fee of $5.00 if it is towed or drawn by another vehicle.

A later act, Chapter 136 of New Mexico Session Laws of 1935, provides for establishing registration stations or "ports of entry," on the main highways of the state, at which permits are to be issued and fees collected. It provides that no vehicle for which a permit is required shall receive a permit or be allowed to proceed until inspected and found to be "in safe and roadworthy condition, properly equipped with all lights, brakes and other appliances" required by state law.

Appellant, a resident and citizen of California, is engaged in the business of purchasing new and used automobiles in eastern and southern states of the United States, and transporting them, on their own wheels, over state highways to California, where he offers them for sale. He customarily transports such cars over the highways of New Mexico for a distance of about one hundred and sixty-six miles, in processions, or caravans.

Chapter 56 is challenged here, as it was below, as imposing an unconstitutional burden on interstate commerce, and as infringing the due process and equal protection clauses of the Fourteenth Amendment. Appellant also urges that the taxing provisions of this Act, enacted February 21, 1935, were repealed by the passage, a week later, of the "Ports of Entry Act," Chapter 136 of the Session Laws of 1935. The trial court held that the earlier Act had not been repealed, and construed it as exacting the permit fee for the privilege of using the state highways, and as not exempting, from the fee, cars operated under a dealers' license when transported for sale. It thought that the statute is aimed at the consid-

erable business in the state, as shown by the record, of transporting automobiles, usually in caravans, over state highways for sale; that such transportation constitutes a distinct class of automobile traffic, which causes increased wear and tear of the highways and interferes with their safe and convenient use by others; that these circumstances justify a separate classification of the traffic for the purpose of exercising police control over it and fixing a fee or tax for the privilege of transporting automobiles over the highways in such traffic. The court accordingly held that the statute infringes no constitutional limitation on state power.

1. We see no reason, and none is suggested, for not accepting the construction of the statute adopted by the trial court. The statute applies alike to all automobiles transported for sale, whether moving intrastate or interstate. Unlike the general tax in *Interstate Transit, Inc.* v. *Lindsey*, 283 U. S. 183, the levy of which was unrelated to the use of the highways, grant of the privilege of their use is by the present statute made conditional upon payment of the fee. The manner of its collection, not unlike that of a toll for the privilege of entering and using the highways, definitely identifies it as a charge for the privilege. It is not shown to exceed a reasonable charge for the privilege and for defraying the cost of police regulation of the traffic involved, such as a state may impose, if non-discriminatory, on automobiles moving over its highways interstate. *Hendrick* v. *Maryland*, 235 U. S. 610; *Kane* v. *New Jersey*, 242 U. S. 160; *Clark* v. *Poor*, 274 U. S. 554; *Interstate Transit, Inc.* v. *Lindsey*, 283 U. S., 183; *Aero Mayflower Transit Co.* v. *Georgia Public Service Commn.*, 295 U. S. 285.

The facts, as stipulated, establish that the transportation of automobiles across the state in caravans, for purpose of sale, is a distinct class of business, of considerable magnitude. Large numbers of such cars move over the

highways in caravans or processions. 'Seventy-five to eighty per cent of the cars in appellant's caravans are in units of two, coupled together by tow bars. Each unit is in charge of a single driver, who operates the forward car and thus controls the movement of both cars by the use of the mechanism and brakes of one. Appellant's drivers, except two or three regularly employed, are casually engaged. They usually serve without pay and bear their own expenses in order to secure transportation to the point of destination, although a few receive very small remuneration and expenses. The legislature may readily have concluded, as did the trial court, that the drivers have little interest in the business or the vehicles they drive and less regard than drivers of state licensed cars for the safety and convenience of others using the highways. The evidence supports the inference that cars thus coupled and controlled frequently skid, especially on curves, causing more than the usual wear and tear on the road; that this and other increased difficulties in the operation of the coupled cars, and the length of the caravans, increase the inconvenience and hazard to passing traffic. Car trouble to any one car sometimes results in stalling the entire caravan. The state has found it expedient to make special provisions for the inspection and policing of caravans moving in this traffic.

There is ample support for a legislative determination that the peculiar character of this traffic involves a special type of use of the highways, with enhanced wear and tear on the roads and augmented hazards to other traffic, which imposes on the state a heavier financial burden for highway maintenance and policing than do other types of motor car traffic. We cannot say that these circumstances do not afford an adequate basis for special licensing and taxing provisions, whose only effect, even when applied to interstate traffic, is to enable the

state to police it, and to impose upon it a reasonable charge, to defray the burden of this state expense, and for the privilege of using the state highways.

As the tax is not on the use of the highways but on the privilege of using them, without specific limitation as to mileage, the levy of a flat fee not shown to be unreasonable in amount, rather than of a fee based on mileage, is not a forbidden burden on interstate commerce. See *Clark* v. *Poor, supra; Aero Mayflower Transit Co.* v. *Georgia Public Service Comm'n, supra.*

Nor is it important that a part of the fees collected is not devoted directly to highway maintenance, the cost of which the state pays in part from the proceeds of a general property tax. The use for highway maintenance of a fee collected from automobile owners may be of significance, when the point is otherwise in doubt, to show that the fee is in fact laid for that purpose and is thus a charge for the privilege of using the highways. *Interstate Transit, Inc.* v. *Lindsey, supra.* But where the manner of the levy, like that prescribed by the present statute, definitely identifies it as a fee charged for the grant of the privilege, it is immaterial whether the state places the fees collected in the pocket out of which it pays highway maintenance charges or in some other.

2. It is not denied that automobiles moving in caravans, as do appellant's, constitute a class of traffic which may be taxed differently from other classes without infringing the equal protection clause. But it is insisted that such is not the classification of the statute. It is said that the statute in terms imposes the special permit fee on every automobile transported for sale, whether moving singly or in a caravan; that when moving singly a car, merely because intended for sale, presents no differences from like cars, moving for other purposes, which would afford any basis for a difference in taxation. But this argument both ignores the actual circumstances in

which the statute is applied, as shown by the record, and seeks to take advantage of an alleged discrimination which, if it exists, does the appellant no harm.

There is nothing in the Fourteenth Amendment which requires classification for taxation to follow any particular form of words. If that adopted results in the application of the tax to a class which may be separately taxed without a denial of equal protection, those within the class who are called upon to pay the tax cannot complain that the taxed class might have been more aptly defined, or that the statute may tax others who are not within the class. Here it is the practice of transporting automobiles over the highways for purpose of sale which has given rise to the practice of moving them in caravans. The use of automobiles for other business purposes, or for pleasure, does not have that result. So far as it appears, the movement of cars singly for purposes of sale is negligible, and it is shown affirmatively that the cars transported for sale by appellant move in caravans. The classification of the statute thus, in its practical operation, embraces and is constitutionally applicable to cars moving in caravans, the class of traffic in which the appellant engages and on which he is alone taxed. Such discrimination as there may be is not between those who, like appellant, drive their automobiles to market in caravans and others who drive them singly, for both are taxed. Discrimination, if any, is between those who drive their cars to market singly and others who drive them for other purposes, and may be subjected to a different tax. Appellant does not assert that he belongs to either class. As the traffic in which he participates is properly taxed he cannot complain of the imposition of the tax on a business which he does not do. *Roberts & Schaefer Co.* v. *Emmerson,* 271 U. S. 50, 54, 55; *Keeney* v. *New York,* 222 U. S. 525, 536, 537; *Hatch* v. *Reardon,* 204 U. S. 152, 160, 161; Cf. *Collins* v. *Texas,* 223 U. S. 288; *Dillingham* v. *McLaughlin,* 264 U. S. 370, 374. We have no occasion

to pass upon the validity of the tax as applied to cars driven singly.

3. In the absence of a controlling decision by the state courts, we see no reason for rejecting the conclusion of the district court that the fee provisions of Chapter 56 of the New Mexico Session Laws of 1935 were not repealed by Chapter 136, passed a week later at the same session of the Legislature. As already indicated, the latter makes provision for the administration of the special permit provisions of the earlier statute. It also, by §§ 8, 6 and 13 levies a graduated mileage tax of (1½ cents per mile for cars not exceeding 15,000 pounds in weight) upon motor vehicles not registered or licensed in the state, transported over the highways for purpose of sale. The statute declares that the tax is levied for the support of the administration of the Act, and for the maintenance of the highways.

Appellant does not assail this tax, but insists that it was intended as a substitute for the flat fee charged by the earlier provisions for a special permit. If the later tax, as the district court held, is imposed on motor cars transported as are appellant's, it is not inconsistent with the imposition of the flat permit fee, but supplementary to it. Repeal by implication is not favored, especially where the one Act follows close upon the other, at the same session of the legislature. Cf. *Graham & Foster* v. *Goodcell,* 282 U. S. 409; *Rodgers* v. *United States,* 185 U. S. 83, 89; *Beals* v. *Hale,* 4 How. 37, 53. Moreover, the later Act in this case was careful to provide that the new mileage tax which it imposes is not to apply to vehicles licensed and entitled to license plates, and otherwise taxed, under state law. The statute thus grants an explicit exemption from double taxation which it omits to extend to motor cars which, like appellant's, secure a special permit and do not receive state licenses and license plates.

*Affirmed.*