BRASHEAR FREIGHT LINES, Inc., et al. v. PUBLIC SERVICE COMMISSION OF MISSOURI et al. (ATCHISON, T. & S. F. RY. CO. et al., Interveners).

No. 665.

District Court, W. D. Missouri, Central Division.

June 15, 1938.

866

Kenneth Teasdale and B. W. La-Tourette, both of St. Louis, Mo., and Paul G. Koontz, of Kansas City, Mo., for plaintiffs.

James H. Linton, of Jefferson City, Mo., and Daniel C. Rogers, of Fayette, Mo., for defendants Public Service Commission.

Louis V. Stigall and Wilkie B. Cunnyngham, both of Jefferson City, Mo., for defendant State Highway Commission.

Covell R. Hewitt, Asst. Atty. Gen., for defendants B. M. Casteel, Lloyd C. Stark and Roy McKittrick.

Joseph H. Hays, of Sioux City, Iowa, F. H. Moore, of Kansas City, Mo., Carl S. Hoffman, of St. Louis, Mo., and Amos M. Mathews, of Sioux City, Iowa, for interveners Atchison, T. & S. F. Ry. Co. et al.

John G. Burkhardt, Asst. City Counselor, of St. Louis, Mo., for intervener City of St. Louis, Mo.

George A. Spencer, of Columbia, Mo., for intervener Missouri Municipal Ass'n.

Before GARDNER, Circuit Judge, and COLLET and OTIS, District Judges.

PER CURIAM.

Action to restrain state agencies from enforcing the Missouri Bus and Truck Law and particularly Section 5272, Revised Statutes of Missouri, 1929, as amended by Laws Mo.1931, Page 311, Mo.St.Ann. § 5272, p. 6689.

Plaintiffs are interstate motor carriers. By Sec. 5272, supra, all common carriers of freight for hire by motor vehicles having a weight-carrying capacity of more than one and one-half tons are required to pay an annual license fee to the State of Missouri. The amount of the fees increase progressively as follows:

| | |
|---|---|
| More than 1½ and not more than 2 tons | $ 25.00 |
| More than 2 and not more than 3 tons | 65.00 |
| More than 3 and not more than 4 tons | 100.00 |
| More than 4 and not more than 5 tons | 135.00 |
| More than 5 and not more than 6 tons | 175.00 |
| More than 6 and not more than 7 tons | 225.00 |
| More than 7 and not more than 8 tons | 275.00 |
| More than 8 and not more than 9 tons | 350.00 |
| More than 9 tons | 500.00 |

These fees apply alike to interstate and intrastate carriers. In addition to these fees which apply only to trucks operated as common carriers for hire, a tax characterized as a registration fee is levied upon all trucks and passenger vehicles whether used for private or commercial purposes. Section 5272 also provides that an interstate carrier which is operating over a route ten miles or less of which is in Missouri, shall be required to pay only

one-third of the above fees, and if such route be twenty miles or less the fee is one-half of the above amount.

Plaintiffs concede that the State of Missouri has the power to levy and collect compensatory fees from interstate motor carriers without transgressing the Commerce clause of the Constitution, U.S.C.A. Const. art. 1, § 8, cl. 3, but attack the Missouri Statute upon the grounds that the fees fixed are (a) unreasonable and discriminatory and (b) inoperative by reason of the fact that Congress has taken over the regulation of interstate motor carriers by the enactment of the Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327.

■ In support of the charge that the fees are unreasonable and excessive, plaintiffs offered evidence to the effect that the typical type of concrete highway in Missouri is the lightest and cheapest type practical for use by passenger vehicles and hence no part of the original cost of the highways should be charged to trucks in determining the amount of fees all trucks should pay in order to recompense the state for the cost to the state of the use of its highways by trucks. Evidence was also offered tending to show that high type roads of the type of Missouri highways do not depreciate from traffic of no greater weight than the statutory load limits, but only depreciate from the combined effect of traffic and natural forces. It is asserted arguendo that no depreciation should be allocated to truck traffic.

Both of the above arguments are based upon the assumed but unsupported false premise that since the highways were constructed primarily for uses other than truck traffic and therefore would have been constructed of the same type regardless of whether trucks might thereafter use them, upon the advent of the use of the highways by trucks there could be no allocation of any part of the original cost to truck traffic. Several fallacies are involved in that reasoning. Among them is the false assumption that the state constructed its highways for the purpose of accommodating any one or more specific classes of traffic. Although an expressed declaration to that effect is probably unnecessary to so classify them, the Missouri highways are expressly declared to be public highways and hence open from their establishment and construction to all proper uses and by all classes of the traveling public.

Again, plaintiffs' argument seems to assume that truck traffic was either nonexistent or its existence ignored by the state in the consideration of the necessity or advisability of the construction of the present highway system. There is no basis for either assumption. The hypothesis is inaccurate for the further reason that it assumes that the state has no right to anticipate new uses of its highway facilities which will share the burden of construction, depreciation, and maintenance. For these reasons and possibly many others, plaintiffs' contention that no part of the original cost or depreciation of the highways may be properly considered in determining the reasonableness of the amount of the fees charged is untenable.

■ The argument and supporting evidence is presented to the effect that maintenance costs are not increased by heavy truck traffic. Neither the argument or the evidence is convincing when the plaintiffs also advance the theory that the extent of depreciation from motor vehicles is in direct proportion to total mileage and the weight of the vehicle. Although a distinction be recognized between depreciation and maintenance, yet it does not appear logical that the weight of a truck may be a factor in causing depreciation and not be a factor in creating maintenance expenses.

■ The further contention is made that the maintenance expense of the entire highway system should not be included in determining the maintenance expense chargeable to plaintiffs when plaintiffs only use a comparatively small percentage of the whole. Plaintiffs have the burden of showing the unreasonableness of the fee and a fortiori the burden is upon them to show the unreasonableness and injury of the method used in determining the amount of the fee. They do not show what a fair fee would be if the base were restricted as they contend it should be, nor do they show that they are prejudiced by the inclusion of the entire highway system in the base, because if its total cost is included, likewise its total income must be included, which has not been done.

With the principle established that a reasonable fee for the use of the highways should include a fair part of the original cost, depreciation, maintenance, and policing, we pass to the determination of the contention that plaintiffs individually and

868

as a class are assessed more than a reasonable amount for those purposes.

Individually, plaintiffs insist that their uses of the highways vary greatly in amount as between themselves and also as compared to other classes of carriers such as intrastate operators, and that since their use of the highways differ in amount, different fees should be charged. Within certain limits a tax such as this must be recognized as a privilege tax. Administrative difficulties may lay in the way of collecting a tax upon an exact mileage basis and there is nothing unreasonable or oppressive in a fee for the privilege for a use as extensive as the carrier desires to make it. It is therefore immaterial that one may pay less for the greater use of the same privilege so long as each plaintiff is not charged an unreasonable fee for the use of their privilege. Aero Mayflower Transit Co. v. Public Service Commission, 295 U.S. 285, 55 S.Ct. 709, 79 L.Ed. 1439; Morf v. Bingaman, 298 U.S. 407, 56 S.Ct. 756, 80 L.Ed. 1245.

Collectively, plaintiffs assert that the amount paid by interstate motor carriers bears no reasonable relation to the total amount of the use of the highways by such carriers.

The same principles apply to plaintiffs individually and as a class. The burden is upon them in either case to demonstrate that the legislative action complained of is without rational basis. Aero Mayflower Transit Co. v. Public Service Commission, supra; South Carolina State Highway Department v. Barnwell Bros., Inc., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed ——, decided Feb. 14, 1938.

Plaintiffs have offered no evidence from which it appears that the legislature has erred in establishing its schedule of fees.

It is next contended that the fees are invalid as a matter of law because they are assessed on a flat rate annual basis, do not vary according to mileage traveled, and are not predicated upon the use made of the highways. In effect this is the same contention considered above. In addition to that which has already been said on the subject it is appropriate to note that the fees assessed are asserted by the Legislature to be for the sole purpose of maintenance, and proper care of the highways (Section 5272 (a), R.S.Mo.1929, as amended by Laws Mo.1931, p. 311, Mo.St.Ann. § 5272(a), p. 6689; Art. 4, Section 44a, Mis-

souri Constitution, Mo.St.Ann. Const. art. 4, § 44a). Under the facts of this case such cases as Ingels v. Morf, 300 U.S. 290, 57 S.Ct. 439, 81 L.Ed. 653; Interstate Transit, Inc., v. Lindsey, 283 U.S. 183, 51 S.Ct. 380, 75 L.Ed. 953; and Sprout v. South Bend, 277 U.S. 163, 48 S.Ct. 502, 72 L.Ed. 833, 62 A.L.R. 45, are inapplicable.

It is next contended that the fees charged are unreasonable because they do not increase in direct proportion to the increase in the weight carrying capacity of the vehicle. Upon that point plaintiffs' expert testimony was to the effect that no rational method has been devised by which an approximate estimate may be made of the relative destructive effect of traffic and natural forces *or the relative destructive effects of heavy and light loads.* He stated that in his opinion the most rational assumption is that the destructive effect of traffic loads combined with natural forces, is in direct proportion to the magnitude of the loads. However valuable such an expert opinion might be to a legislative body clothed with ample authority to determine the scientifically precise fee plaintiffs should pay, such a criterion is not one which a court may adopt in determining the constitutionality of an act of the Legislature and such evidence is insufficient to sustain a charge that a legislative act is unconstitutional because not based on any rational theory.

It is asserted that the schedule of fees is discriminatory because of the exemption of trucks of a capacity of not more than one and one-half tons carrying capacity. It was for the Legislature to determine where the line of exemption should be drawn, and no question of denial of the equal protection of the law is presented. Carley & Hamilton v. Snook, 281 U.S. 66, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 194.

Discrimination is further charged because the license fees levied by Section 5272 apply only to common carriers and not to private or contract carriers. There is no proof of the extent of use of the highways by private or contract carriers. A sufficient distinction between uses of highways for private and contract carrier uses and uses as a common carrier exists to defeat that charge of discrimination. Liberty Highway Co. v. Public Utilities Commission, D.C., 294 F. 703; Clark **v.**

Poor, 274 U.S. 554, 47 S.Ct. 702, 71 L.Ed. 1199; Bekins Van Lines v. Riley, 280 U.S. 80, 50 S.Ct. 64, 74 L.Ed. 178.

The contention that the assessment of a fee of one-third the usual amount for operations less than ten miles in length within the state and one-half the usual amount where the operation is twenty miles or less, is *unreasonable*, is without merit. Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402. Especially is this true in view of the provision of Section 5268 (b), Mo.St.Ann. § 5268 (b), p. 6684, relating to the issuance of temporary permits to interstate carriers for "occasional trips" into or through the state.

The remaining contention is to the effect that the entire Missouri Act, Mo.St.Ann. § 5264 et seq., p. 6679 et seq., is now inoperative by reason of the passage of the Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327. There seems to be no necessity to inquire into the extent to which Congress by its statutes (49 U.S.C.A. §§ 301–327), and the regulations of the Interstate Commerce Commission pursuant thereto has occupied the field of Interstate transportation as pertains to service, accounting, operation and equipment. The state has an undoubted right to exact a compensatory fee for the use of its highways and interstate carriers are not exempt from that charge. The Missouri Act has a separability clause, Section 5278, Mo.St. Ann. § 5278, p. 6694, and the other provisions would still remain effective as applied to intrastate carriers and it cannot be presumed that the Legislature of the state would not have enacted the statute just as it is, conceding it would not apply to interstate carriers except as to charging them fees for the use of the highways. Congress recognized that states would continue to assert their power to tax interstate carriers for their use of their highways as it provided in Section 302 (c), 49 U.S.C.A., that nothing should be construed to affect the powers of taxation of the several states. Carley & Hamilton v. Snook, 281 U.S. 66, 50 S.Ct. 204, 74 L.Ed. 704, 68 A.L.R. 194.

Since plaintiffs have failed to show that interstate commerce is unduly burdened and have failed to show any unconstitutional discrimination against them, it is unnecessary to consider plaintiffs' objections to the consideration of defendants' "cost study."

For the reasons stated, plaintiffs' bill should be dismissed on the merits.

Defendants should submit formal findings of fact and conclusions of law in conformity with the views expressed in this opinion. Plaintiffs are allowed an exception.