JOINER v. ABERNATHY, County Court Clerk.

(*Nashville,* December Term, 1945.)

Opinion filed May 4, 1946.

DAVID E. CHEATHAM, of Pulaski, for Joiner.

WILLIAM F. BARRY, Solicitor-General, and ALLISON B. HUMPHREYS, JR., Assistant Attorney-General, for Abernathy, Clerk.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover part of a highway use tax paid by the complainant under protest. The bill was dismissed by the chancellor and the complainant has appealed. By chapter 94 of the Acts of 1939 a tax was imposed upon motor vehicles with over seven seats for passengers of $11 for each seat, ''Provided, That where any route over which such vehicle is operated is exclusively within the limits of a municipality of the State, or where such route does not extend more than five (5) miles beyond such City limits; or where any route over which such vehicle is operated does not exceed fifteen (15) miles in Tennessee, the fee shall be an amount equal to three ($3.00) for each seat.''

The history of this legislation was reviewed in *Flynn* v. *Hunnicutt*, 179 Tenn. 520, 167 S. W. (2d) 977, and it was held that the exemption from the $11 tax ''where any route over which such vehicle is operated does not exceed fifteen (15) miles in Tennessee'' applied only to such vehicles as operated in interstate transportation.

Evidently to meet this construction of the Act of 1939, Chapter 113 of the Acts of 1943 substituted for the above-quoted proviso of the Act of 1939 the following: ''Provided, That where any route over which such vehicle is operated is exclusively within the limits of a municipality of that State, or where such route does not extend more than five (5) miles beyond such city limits; or where any route over which such vehicle is operated does not exceed fifteen (15) miles in Tennessee, or where any route over which such vehicle is operated is entirely and exclusively in a single county in Tennessee, the fee shall be an amount equal to Three ($3.00) Dollars for each seat.''

It thus appears that another exception from the $11 tax was added to include vehicles when the route over which such vehicles operated was entirely and exclusively in a single county in Tennessee.

The complainant here runs a bus line from a point in Alabama to Pulaski, Tennessee, and no further. Its operation in Tennessee covers 19.85 miles and is altogether in Giles County. Complainant was advised that it came within the additional exemption to the $11 tax contained in the Act of 1943 and tendered an amount calculated at $3 per seat to the county court clerk. That official refused to receive this sum in satisfaction of complainant's tax and required the payment of an amount calculated at $11 per seat on complainant's vehicles. He sues to recover the excess indicated.

The chancellor construed the 1943 exemption as inapplicable to complainant's vehicles, because the route over which they were operated was not entirely and exclusively in a single county in Tennessee. This does appear to be a natural construction but if adopted would render the Act of 1943 unconstitutional since a discriminatory burden would thus be imposed on interstate commerce.

If the Act be construed as insisted by the State it results that the complainant, although operating in only one county of the State, would have to pay the $11 seat tax because the entire route over which his vehicles moved went beyond the boundaries of the State. The intrastate carrier, however, operating in one county would only have to pay a $3 seat tax. The two carriers may use the highways of only one county with like vehicles to the same extent, or the local carrier may use those highways to a greater extent, but still the interstate operation would bear the greater burden by reason of its use of the roads

of another State for which latter use Tennessee could exact no compensation.

It does not seem to us that such a discrimination can be justified. The State refers us to *Interstate Busses Corp.* v. *Blodgett,* 276 U. S. 245, 48 S. Ct. 230, 72 L. Ed. 551, and *Aero Mayflower Transit Co. v. Georgia Public Service Comm.,* 295 U. S. 285, 55 S. Ct. 709, 79 L. Ed. 1439, to support its contention that the Act as construed by it does not unduly burden interstate commerce. The argument is that the full gross receipts tax imposed on intrastate transportation companies for which interstate transportation companies are only partially liable, equalizes the burden between the two. In *Interstate Busses Corp.* v. *Blodgett* it was held that a gross receipts tax levied by the State of Connecticut upon intrastate carriers, which interstate motor carriers did not have to pay, would be considered as equalizing a burden placed on interstate carriers for the use of the highways which intrastate carriers did not have to bear. In that case, however, the proceeds of the gross receipts tax were expressly devoted to highway purposes and the Supreme Court could not see any substantial disparity between the taxes imposed on the two carriers for highway maintenance.

The State's difficulty is that our gross receipts tax levied on local transportation companies is not devoted to highway purposes at all but goes into the treasury for general State purposes. Acts 1937, chapter 108, article 2, section 2, item O, amended by chapter 192 of the Acts of the same year, section 20-A and by Acts of 1941, chapter 51, section 22. These acts are codified in Williams Annotated Code, section 1248.134. See *Interstate Transit* v. *Lindsey,* 283 U. S. 183, 51 S. Ct. 380, 75 L. Ed. 953.

The case is simply one, if the act be construed as the State insists, where an interstate carrier using highways in only one county of the State will be charged more for such use than an intrastate carrier will be charged for a like use or a greater use in the same county.

The State refers to the expression in *Aero Mayflower Transit Co.* v. *Georgia Public Service Comm.,* 295 U. S. 285, 289, 55 S. Ct. 709, 711, 79 L. Ed. 1439, 1443, 1444, "One who receives a privilege without limit is not wronged by his own refusal to enjoy it as freely as he may." This observation has no application here. The complainant's privilege of operating a motor carrier in Tennessee is limited by its certificate of convenience and necessity to the route and territory specified in the grant of that permit. That is, to operation in Giles County. Acts 1933, chapter 119. He has no unlimited right to the use of the State's highways for running a bus line.

We find nothing in *Morf* v. *Bingaman,* 298 U. S. 407, 56 S. Ct. 756, 80 L. Ed. 1245, to help the case of the State. The tax there upheld was imposed as a charge for the use of the highways. The gross receipts tax on local carriers is not imposed for that use and its full imposition on such carriers does not remove the discrimination against foreign carriers if they be excluded from the exemption of the 1943 amendment.

To save the constitutionality of the Act of 1943, we accordingly must interpret it to accord to complainant the exemption claimed by him from the $11 seat tax. The decree of the chancellor will be reversed and a decree entered here for the complainant with interest on the excess payment made by him to the county court clerk.