**WALTON et al. v. CITY OF ATLANTA et al.**
Civ. No. 3744.

United States District Court
N. D. Georgia, Atlanta Division.
Dec. 14, 1949.

Barrett & Hayes, Atlanta, Ga., John M. Slaton, Atlanta, Ga., for plaintiffs.

J. C. Savage, J. C. Murphy, J. M. Bloodworth, John E. Feagin, Atlanta, Ga., for defendants.

ANDREWS, Chief Judge.

Petitioners seek to enjoin the enforcement of an ordinance of the City of Atlanta, the challenged portions of which provide, inter alia, that no person shall drive any motor vehicle including taxicabs, cars for hire, busses, trackless trolleys or other motor propelled vehicles used in the transporting of persons for hire upon the streets of Atlanta without first having obtained a permit to do so from the Mayor and Council;

That an applicant for permit shall furnish his age and home address, shall state whether he uses intoxicating liquors, drugs or narcotics, whether he has been convicted of a criminal offense, present a medical certificate evidencing his general good health and good eyesight, shall have his fingerprints taken by the Police Department, if an operator of a taxicab or car for hire, file two photographs (of himself), and pay a permit fee of $3.

That no permit shall issue if the applicant has been convicted of manslaughter (or negligent homicide) resulting from the operation of a motor vehicle, driving such a vehicle while under the influence of intoxicating liquors or drugs, any felony in the commission of which a motor vehicle is used, failing to stop and render aid as required by state law, leaving the scene of an accident as specified by state law, perjury or false swearing in connection with his application for permit, conviction upon three charges of violation of the Motor Vehicle Laws of Georgia within twelve months, the violation of any law involving moral turpitude or violations of City ordinances which affect the safety of human life or limb on the city streets;

That a driver shall be neatly dressed and clean of body and wearing apparel, shall operate his vehicle carefully and courteously in compliance with city, State and Federal laws and if a taxicab or car for hire operator, post in his vehicle in view of his passengers his license card and photograph;

That a permit may be revoked or suspended in a stated manner if the holder violates any provision of the ordinance, makes any false statement upon any application for permit, or has been convicted or bound over to the State Courts for any of the enumerated offenses which bar his application for a permit.

Violations of the ordinance subject the offender to fines and imprisonment.

Petitioners, alleging that the Chief of Police is threatening to enforce the said ordinance by arresting them, say that it is necessary that the injunctive process of this Court be employed to protect their constitutional rights as guaranteed by the Constitution of the State of Georgia and Article 1, section 1, paragraph 2, of the Bill of Rights which reads, "protection to person and property is the paramount duty of the government, and shall be impartial and complete", also Article 1, section paragraph 3, of the Bill of Rights reading as follows, "no person shall be deprived of life, liberty, or property, except by due process of law";

And further that the ordinance and each paragraph thereof violates that part of the Fourteenth Amendment to the Constitution of the United States which provides that no state shall deprive any person of life, liberty or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Respondents filed a motion to dismiss the complaint upon the grounds that it sets forth no cause of action, that it is prematurely brought on a mere apprehension of injury, there being no allegations that plaintiffs have been arrested or their property seized, that no property rights are involved and plaintiffs have no inherent constitutional or legal right to operate vehicles for hire over the streets of the City of Atlanta, the operation of such vehicles being a privilege which may be granted or withheld in the discretion of the City Government, that no constitutional questions are involved, that plaintiffs have an adequate remedy at law, that it is not shown that plaintiffs or any of them have suffered or will suffer any irreparable loss of damage and further that the issues presented have been adjudicated between the parties and their privies by a court of competent jurisdiction and a final judgment rendered adverse to petitioners upon the merits thereof which judgment is conclusive of all of the rights, questions and facts at issue in this case.

At the hearing petitioners produced in support of the motion to dismiss certified copies of the proceedings had in the Superior Court of Fulton County, Georgia in which case petitioners and 1,083 named plaintiffs pleaded substantially the same case as here exhibited.

It appears that after the trial Judge had announced his decision upon the general demurrers, but before the formal signing of the order sustaining the demurrers, counsel for the plaintiffs dismissed the petition as to all parties complaining except C. W. Walton, who is not named as a party plaintiff in the instant action. Thereupon, on November 23, 1949, the Court sustained the general demurrer of the respondents and dismissed the bill. An appeal was entered and that case now pends in the Supreme Court of Georgia.

### Conclusions of Law.

#### I. Res Judicata.

Irrespective of whether or not the action heretofore brought in the Superior Court of Fulton County, Georgia, was between the same parties as the present action, Georgia Code, § 110-501, or whether the two actions were class suits and the result binding on the present plaintiffs, it appears an appeal was entered to the Supreme Court of Georgia from the judgment of dismissal entered in Fulton Superior Court. "A judgment in such proceeding cannot be so pleaded while it is under review." Garrick v. Tidwell, 151 Ga. 294, 106 S.E. 551. See also Turnipseed v. State, 53 Ga.App. 194, 205, 185 S.E. 403; Thompson v. Thompson, 203 Ga. 128, 45 S.E.2d 632, and the motion to dismiss cannot therefore be considered on this ground.

#### II. Object of Ordinance.

It may be observed in the outset that here "we are not concerned * * with the wisdom, need, or appropriateness of the legislation", Olson v. State of Nebraska, 313 U.S. 236, 61 S.Ct. 862, 865, 85 L.Ed. 1305, 1310 133 A.L.R. 1500, as "the state is primarily the judge of regulations required in the interest of public safety and welfare, and its police statutes may only be declared unconstitutional where they are arbitrary or unreasonable attempts to exercise the authority vested in it in the public interest." Graves v. State of Minnesota, 272 U.S. 425, 47 S.Ct. 122, 123, 71 L.Ed. 331, 335. It need only be determined, therefore, whether the ordinance is a valid exercise of the police power.

#### III. Police Power.

"The police power is one of the least limitable of governmental powers" Queenside Hills Realty Co., Inc., v. Saxl, 328 U.S. 80, 66 S.Ct. 850, 852, 90 L.Ed. 1096, 1098, and "is coextensive with the necessities of the case and the safeguards of public interest" embracing "regulations designed to promote public convenience or the general prosperity or welfare, as well as those specifically intended to promote the public safety or the public health". Sligh v. Kirkwood, 237 U.S. 52, 35 S.Ct. 501, 502, 59 L.Ed. 835, 838.

It is to be borne in mind, however, that "legislatures may not, under the guise

of the police power impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities" State of Washington ex rel. Seattle Title Trust Company v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 52, 73 L.Ed. 210, 213, 86 A.L.R. 654, and "a state may not, under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them". Burns Baking Company v. Bryan, 264 U.S. 504, 44 S.Ct. 412, 413, 68 L.Ed. 813, 32 A.L.R. 661.

But "The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary, and, generally at least, may be prohibited or conditioned as the legislature deems proper". Packard v. Banton, 264 U.S. 140, 144 44 S.Ct. 257, 259, 68 L.Ed. 596; cf. Schlesinger v. City of Atlanta, 161 Ga. 148, 129 S.E. 861.

The Fifth and Fourteenth Amendments do not prohibit governmental regulation for the public safety and the means selected in the challenged ordinance appear to have a real and substantial relation to the object sought to be obtained and are not unreasonable, arbitrary or capricious.

## IV. Franchise.

It is strongly urged that having granted the Georgia Power Company a franchise for the operation of a public transportation system over its streets, the City of Atlanta may not now impose any additional burdens, regulations, or restrictions upon such operation. Being without authority to withdraw the franchise, say plaintiffs in effect, defendant is likewise without authority to exercise any control over the personnel employed to operate the transportation units. Assuming arguendo that the franchise could not be withdrawn, nevertheless " 'Rights and privileges arising from contracts with a state are subject to regulations for the protection of the public health, the public morals, and the public safety, in the same sense as are all contracts and all property, whether owned by natural persons or corporations' ", St. Louis & San Francisco Railroad Company v. Mathews, 165 U.S. 1, 17 S.Ct. 243, 251, 41 L.Ed. 611, 619, citing Slaughter House cases (16 Wall. 36, 21 L.Ed. 394) and the grant of a franchise for a street railway or transportation system does not suspend or preclude exercise of the police power thereafter because "such contracts and rights are held subject to the fair exercise by the state, or the municipality as its agent, of the power to adopt and enforce such regulations as are reasonably necessary to secure the public safety". Denver & Rio Grande Railroad Company v. City and County of Denver, 250 U.S. 241, 39 S.Ct. 450, 451, 63 L.Ed. 958, 961. See also Puget Sound Traction, Light & Power Company v. Reynolds 244 U.S. 574, 37 S.Ct. 705, 61 L.Ed. 1325.

## V. Plaintiff's Employment Contract.

If the ordinance in question is a valid exercise of the police power, the fact that plaintiffs are employed by virtue of a collective agreement can offer no impediment to its enforcement. "Private contract rights must yield to the public welfare, where the latter is appropriately declared and defined and the two conflict". Union Dry Goods Company v. Georgia Public Service Corporation, 248 U.S. 372, 39 S.Ct. 117, 118, 63 L.Ed. 309, 9 A.L.R. 1420, and "the passing of reasonable laws for the protection of the public cannot be headed off by making contracts extending into the future." Dillingham v. McLaughlin, 264 U.S. 370, 44 S.Ct. 362, 68 L.Ed. 742.

Plaintiffs further urge that their rights to participate in the pension plan established for their benefit by the collective agreement will be jeopardized through enforcement of the ordinance. "The mere fact of pecuniary injury does not warrant the overthrow of legislation of a police character". L'Hote v. City of New Orleans, 177 U.S. 587, 20 S.Ct. 788, 792, 44 L.Ed. 899, 904, and "Cost and inconvenience (different words, probably, for the same

thing) would have to be very great before they could become an element in the consideration of * * * a state to exert its reserved power or its police power. [Citations]" Erie Railroad Co. v. Williams, 233 U.S. 685, 700, 34 S.Ct. 761, 764, 58 L.Ed. 1149, 1161, 51 L.R.A.,N.S., 1097.

## VI. Discrimination.

 The ordinance is further attacked as discriminatory in that only trolley, bus, and taxicab operators are affected thereby, whereas thousands of individuals operate motor vehicles over the streets of the City of Atlanta and thousands of delivery wagons are operated both day and night. The ordinance confines itself to "drivers of motor propelled vehicles used in the transportation of passengers for hire over the streets of the City of Atlanta," and would therefore include operators of "taxicabs, cars for hire, busses, trackless trolleys, or other motor propelled vehicles used in the transporting of persons for hire." This language is sufficiently broad to include all individuals falling within the defined category, and the mere fact that other public chauffeurs are not sought to be covered thereby does not render the ordinance discriminatory. "Persons and property, even with respect to their transportation for hire, must be treated as falling within the same category for purposes of highway regulations." Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 588, 76 L. Ed. 1167. See also Hicklin v. Coney, 290 U.S. 169, 54 S.Ct. 142, 78 L.Ed. 247; Aero Mayflower Transit Co. v. Georgia Public Service Commission, 295 U.S. 285, 55 S. Ct. 709, 79 L.Ed. 1439.

## VII. Identification Requirements.

 Plaintiffs insist that the requirements concerning furnishing of photographs violate their right of privacy, and to force them to submit to fingerprinting would infringe their rights of personal liberty. However, "any person who engages in any pursuit or occupation or calling which calls for the approval or patronage of the public submits his private life to examination by those to whom he addresses his call, to any extent that may be necessary to determine whether it is wise and proper and expedient to accord to him the approval or patronage which he seeks." Pavesich v. New England Life Insurance Co., 122 Ga. 190, 200, 50 S.E. 68, 72, 69 L.R.A. 101, 106 Am.St. Rep. 104, 2 Ann.Cas. 561.

Photographs and fingerprints are a means of identification, and the City of Atlanta is not arbitrarily exercising the police power to require that plaintiffs establish their identity. Indentity has been insisted upon in other situations, i.e., newspaper ownership. Lewis Publishing Company v. Morgan, 229 U.S. 288, 33 S.Ct. 867, 57 L.Ed. 1190, membership in secret organizations, New York ex rel. Bryant v. Zimmerman, 278 U.S. 63, 72, 49 S.Ct. 61, 73 L.Ed. 184, 189, 62 A.L.R. 785, itinerant solicitors. City of Manchester v. Leiby, 1 Cir., 117 F.2d 661, and discharged employees, Chicago, Rock Island & Pacific Railway Company v. Perry, 259 U.S. 548, 42 S.Ct. 524, 66 L.Ed. 1056; Prudential Insurance Company v. Cheek, 259 U.S. 530, 42 S.Ct. 516, 66 L.Ed. 1044, 27 L.Ed. 27.

## VIII. Personal Traits.

 Plaintiffs insist that portion of the ordinance relative to personal hygiene and wearing apparel of the operators is invalid because too vague and general in nature to admit of enforcement. A requirement that vehicles be maintained "'in a safe and sanitary condition'" was upheld in Continental Baking Company v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 600, 76 L.Ed. 1155, 1165, 81 A.L.R. 1402. Moreover, "a statute may be sustained though some of the objects affected by it may be wholly innocent." Queenside Hills Realty Co., Inc., v. Saxl, 328 U.S. 80, 66 S.Ct. 850, 852, 90 L.Ed. 1096, 1098, citing Purity Extract & Tonic Co. v. Lynch, 226 U.S. 192, 204, 33 S.Ct. 44, 57 L.Ed. 184, 188.

## IX. Licenses.

 So far as the licensing provisions of the ordinance are concerned, it appears that plaintiffs have not made application in accordance with its terms

for licenses or that they have been refused. The complaint alleges (Par. 10) "petitioners are reputable law-abiding people", and no reason is therefore indicated as to why plaintiffs or either of them might be denied a license to continue their employment with the Georgia Power Company. Plaintiffs' objections to submitting themselves to the terms of the ordinance are predicated upon what they conceive to be violations of constitutional rights conferred upon them by the Constitution of the United States and of the State of Georgia, and a fear that the power vested in the Chief of Police and the Police Committee of the City of Atlanta will be applied to them arbitrarily, and deny them the right to perform the labor upon which they depend for a livelihood.

"The liberty to engage in a common calling, like other liberties, may be limited in the exercise of the police power" Dissent of Mr. Justice Brandeis, New State Ice Co. v. Liebmann, 285 U.S. 262, 52 S.Ct. 371, 384, 76 L.Ed. 755, 767. "The right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the Amendment to secure", Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 10, 60 L.Ed. 131, 135 L.R.A. 1916D, 545, Ann.Cas. 1917B, 283, but "there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed by the state for the protection of society". Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 233, 32 L.Ed. 623, 626.

The fact that discretion is lodged in an official or group of officials to grant or withhold the license does not entitle plaintiffs to complain until the license is arbitrarily withheld, because "one who is within the terms of the statute, but has failed to make the required application, is not at liberty to complain because of his anticipation of improper or invalid action in administration". Smith v. Cahoon, 283 U.S. 553, 51 S.Ct. 582, 585, 75 L.Ed. 1264, 1271. "To complain of a ruling, one must be made the victim of it. One cannot invoke, to defeat a law, an appre-hension of what might be done under it, and which, if done, might not receive judicial approval." Lehon v. City of Atlanta, 242 U.S. 53, 37 S.Ct. 70, 72, 61 L.Ed. 145, 150.

From what has been said it follows that the motion to dismiss must be granted and the complaint dismissed. It is ordered.