358 F.2d 787
 ANTILLES SURVEYS, INC., Appellant,
v.
Percy DE JONGH, as Commissioner, Department of Finance, and Viggo A. Hendricks, as Chief Tax Processing Branch, Department of Finance.
 No. 15583.
 United States Court of Appeals Third Circuit.
 Argued at Charlotte Amalie February 3, 1966.
 Decided March 21, 1966.
 Rehearing Denied May 5, 1966.
 
 John D. Marsh, Christiansted, St. Croix, V. I. (Young, Isherwood and Marsh, Christiansted, St. Croix, V. I., on the brief) for appellant.
 David Kelso McConnell, Asst. Atty. Gen., Charlotte Amalie, St. Thomas, V. I. (Francisco Corneiro, Atty. Gen. of Virgin Islands, Charlotte Amalie, St. Thomas, V. I., on the brief), for appellee.
 Before KALODNER, Chief Judge, and MARIS and ALDRICH*, Circuit Judges.
 ALDRICH, Circuit Judge.
 
 
 1
 This is an action to enjoin the collection of a gross receipts tax assertedly imposed by act of the Virgin Islands legislature. Taxpayer is a Virgin Islands corporation engaged in two businesses, engineering and real estate brokerage. Certain facts appearing by admissions in the pleadings, or by uncontradicted affidavits, both parties moved for summary judgment. The court granted the government's motion, and taxpayer appeals.
 
 
 2
 The statute reads, "All persons engaged in business including those trading in articles, goods, merchandise or commodities shall report their gross receipts and pay a tax of two percent on the gross receipts of such business; * * *." 33 V.I.C. § 43(a). A subsequent sentence provided, at the time of suit, "This section shall not apply to artisans, tradesmen, or professionals, such as are commonly understood to include doctors, lawyers, engineers, barbers, etc.,[1] selling their skills or services on an individual and personal basis and producers within the Virgin Islands of livestock and agricultural products; * * *."
 
 
 3
 Thus, individuals who receive payments for engineering services are in terms exempt from tax. The government does not dispute that individual real estate brokers fall also within the exemption. By the same token, the government cannot claim that the exemptions are limited to true professionals, such as doctors and lawyers, who perform services that could not be rendered by corporations.
 
 
 4
 Taxpayer's claim that it comes within the provisions of the exemption requires no comment. The exemption does not encompass all engineers, brokers, etc., but only those "selling their skills or services on an individual and personal basis." Whatever that may mean, the exemption does not apply to corporations engaged in such activities.
 
 
 5
 The only real question we see is whether the legislature was precluded from enacting the statute in this form by section 3 of the Revised Organic Act of the Virgin Islands, or, more exactly, whether taxpayer may successfully make such claim.[2] This section provides,
 
 
 6
 "No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws." 48 U.S.C. § 1561.
 
 
 7
 Taxpayer's contention is that it is improper to tax it for receipts from services that would result in no tax upon unincorporated competitors engaged in precisely the same line of work. For this it cites Quaker City Cab Co. v. Com. of Pennsylvania, 1928, 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927. The government denies that the sole distinction made by the act is that taxpayer is incorporated and its competitors are not. Parenthetically, its insistence that the act does reach individuals engaged in unexempted businesses precludes a claim that whatever vigor may be left in Flint v. Stone Tracy Co., 1911, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, after Quaker City Cab, might uphold the act as essentially a corporate franchise tax. At the same time, what differences the government does assert between those taxed and those exempt is far from clear.[3]
 
 
 8
 The basic question is, is there a reasonable classification. While the mere fact of incorporation and non-incorporation of two otherwise completely comparable businesses may be thought an arbitrary and impermissible criterion of classification when dealing with only a small number of multitude of businesses which may be carried on in both corporate and noncorporate forms, differences in size may be significant and sufficient. Carmichael v. Southern Coal & Coke Co., 1937, 301 U.S. 495, 57 S.Ct. 868, 81 L. Ed. 1245; State Board of Tax Commissioners of Indiana v. Jackson, 1931, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248. Also, taxpayers may be treated differently depending upon whether they are self-employed or employed by others. Walters v. City of St. Louis, 1954, 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660. Combining these two examples we could readily conclude that it would be appropriate to tax persons, whether corporate or individual, who rendered services through employees, and not tax persons whose receipts were based upon their own personal labors. White Cleaners & Dyers v. Hughes, D.C.La., 1934, 7 F.Supp. 1017 (semble). Indeed, in the case at bar, if only individual engineers and brokers who have no engineers or brokers working for them are exempted from the tax, and individuals who do employ such persons are not exempt to the extent that they enjoy receipts from the labor of others, we believe taxpayer could have no legitimate complaint. If the converse were so, on the facts presently of the record we could not distinguish this case from Quaker City Cab Co., supra.
 
 
 9
 Since it is our duty, where possible, to give a statute a meaning that would support it, rather than invalidate it, Lynch v. Overholser, 1962, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211; United States v. Witkovich, 1957, 353 U.S. 194, 77 S.Ct. 779, 1 L.Ed.2d 765, and since that can readily be done in this case by construing the exemption provision as limited to receipts attributable solely to the taxpayer's own personal services as above defined, we adopt that construction. It follows that there is no basis for granting the injunction, and the judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation
 
 
 [1]
 This sentence has since been amended by adding "fishermen," "plumbers," and "electricians." V.I. Laws 1965, No. 1368, § 1; V.I. Laws 1965, No. 1461, § 1
 
 
 [2]
 It is, of course, axiomatic that only persons who can show injury are in a position to attack the constitutionality of a statute. Cf. Morf v. Bingaman, 1936, 298 U.S. 407, 413, 56 S.Ct. 756, 80 L.Ed. 1245
 
 
 [3]
 Under Rule 36 taxpayer requested the government to admit that it made no attempt to tax individuals and partnerships engaged in the real estate brokerage on gross receipts "earned through the agency of agents, servants, employees or salesmen." We construe the government's answer as an attempted denial. The denial was clearly defective. We need not, however, pursue this matter
 
 
 
 10
 Before MARIS, KALODNER, and ALDRICH,* Circuit Judges.
 
 
 11
 ON PETITION FOR REHEARING.
 
 
 12
 ALDRICH, Circuit Judge.
 
 
 13
 Appellant, by petition for rehearing, seeks to show that the government taxing authorities have construed and applied the act differently from this court's interpretation. The petition must be denied, as the assertion, if true, is of no present moment. Legally, the statute means what we, not what the taxing authorities, determine.
 
 
 14
 So far as de facto, as distinguished from de jure discrimination is concerned, if the taxing authorities have misunderstood the act in the past, we cannot assume that they will continue to misapply it. Even as to the past, discrimination against petitioner may now be rectified by deficiency assessments on its competitors who were improperly overlooked. However, if for some reason this should fail to occur, the thrust of the complaint was not to compel collection from appellant's competitors, but to declare the statute void and permit appellant to escape assessment itself. It should be obvious that it is not entitled to such relief.
 
 
 15
 The petition for rehearing will be denied.
 
 
 
 Notes:
 
 
 *
 Sitting by designation