**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**KAMAL L. THOMAS (d.o.b. 02-12-89), Defendant**

Criminal Jury Nos. ST-07-CR-0000298, ST-07-CR-0000299

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 23, 2010

322

CLAUDE E. WALKER, ESQ., COURTNEY P. REESE, ESQ., Assistant Attorneys General, Virgin Islands Department of Justice, St. Thomas, USVI, *Attorneys for the Plaintiff.*

MICHAEL A. JOSEPH, ESQ., Christiansted, Richmond, USVI, *Attorney for the Defendant.*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(July 23, 2010)

On March 26, 2010, following a verdict of "Guilty" on Counts IV, V, VI, VII and VIII of the Second Amended Information, counsel for Defendant Kamal Thomas (hereafter "Defendant Thomas") filed a Motion for Judgment of Acquittal or in the alternative, a New Trial Pursuant to FED. R. CIV. P. 29 and FED. R. CIV. P. 33.

In his motion, Defendant Thomas challenges the verdict because: (i) Count IV of the Second Amended Information must be reduced to "Simple Assault"; (ii) Count V of the Second Amended Information must

be dismissed because there was insufficient evidence adduced at trial for a reasonable trier of fact to find that the "wooden stick" referred to in Count IV was "capable of inflicting serious bodily harm or deadly injuries" and hence constitutes a "deadly weapon" under V.I. CODE ANN. tit. 14 § 2251(a)(2)(B); (iii) Count VIII of the Second Amended Information is unconstitutionally vague and must therefore be stricken for failure to establish the requisite *scienter* or *mens rear*; and (iv) juror misconduct prevented Defendant Thomas from enjoying his constitutionally protected right to a fair trial. On March 29, 2010, counsel for the People filed an Opposition to Defendant Thomas' Release and Motion for Acquittal or New Trial. The People also filed, on April 26, 2010, a Memorandum of Law regarding the viability of V.I. CODE ANN. tit. 14 § 1510(a)(2).

Notwithstanding Defendant Thomas' challenges, the Court will not address his first and second arguments because they are identical to those previously raised in his October 24, 2008 Motion for Judgment of Acquittal Pursuant to FED. R. CIV. P. 29.[1] The Court, in its Memorandum Opinion dated June 10, 2009, adequately addressed those issues. Therefore, the Court declines Defendant Thomas' invitation to revisit previously addressed issues and hereby incorporates by reference its prior rationale and ruling in sections "D" through "F" of its Memorandum Opinion dated June 10, 2009.

Because Defendant Thomas' third and fourth contentions have not been previously ruled upon by the Court, those arguments and others will be addressed herein.

## I. BACKGROUND AND PROCEDURAL POSTURE

This matter, originally consolidated with *People of the Virgin Islands v. Jahlil Ward,* ST-08-CR-264 and *People of the Virgin Islands v. Anselmo*

---

[1] In his October 24, 2008 request for acquittal, Defendant Thomas argued that the evidence adduced at trial was insufficient to establish a "battery" on the deceased and therefore only a finding of simple assault was warranted. (*See* Defendant Thomas' Motion for Judgment of Acquittal Pursuant to Rule 29 dated October 24, 2008 at p. 2). Defendant Thomas also contended that the V.I. Code does not define the term "stick" as a "dangerous weapon" and thus a reasonable juror could not find that the "stick" referenced in the charging document "was likely to produced death or serious bodily injury beyond every reasonable doubt." (*See* Defendant Thomas' Motion for Judgment of Acquittal Pursuant to Rule 29 dated October 24, 2008 at pp. 2-3).

*Boston*, ST-07-CR-307, came on for jury trial on Monday, October 6, 2008. After a four (4) day trial, the jury retired to begin its deliberations. After concluding deliberations, the Court was informed that a verdict was reached. According to the verdict, Defendant Boston and Defendant Thomas were each found "Guilty" of two counts of third degree assault and two counts of using a dangerous weapon during third degree assault.[2] Specifically, Defendant Boston was found "Guilty" on Counts III, IV, V and VI of the Second Amended Information and Defendant Thomas was found "Guilty" on Counts IX, X, XI and XII of same. Although both defendants were also charged with Murder in the First Degree and its lesser included offenses, the jury found them "Not Guilty" of those offenses. Sentencing was then scheduled for Friday, November 14, 2008 and the Defendant(s) were ordered back at that time.

Prior to sentencing, the Court received an "influx" of post trial motions. Defendants Boston and Thomas both submitted Rule 29 motions for judgment of acquittal contending that the evidence adduced at trial was insufficient to support the jury verdict. Counsel for the People opposed the Defendants' Rule 29 motions. On November 14, 2008, this matter came on for sentencing and the Court heard arguments on all pending motions. After the parties' arguments, the Court took all issues under advisement and postponed sentencing until a ruling was made on the parties' pending post-trial motions. During this interim, the Court allowed counsel for the respective parties to supplement his/her brief(s).

On June 10, 2009, the Court issued its Memorandum Opinion granting in part and denying in part the Defendants' Rule 29 motions. The Court acquitted Defendant Boston and Defendant Thomas on Counts IV and X, respectively,[3] and denied their respective Rule 29 motions as to Counts III, V, VI, IX, XI and XII. Additionally, in order to prevent double

---

[2] The Second Amended Information charged Defendant Boston as follows: Count I, first degree murder; Count II, second degree murder; Count III, third degree assault; Count IV, using a dangerous weapon during a third degree assault; Count V, third degree assault; and Count VI, using a dangerous weapon during a third degree assault. Similarly, the Second Amended Information charged Defendant Thomas as follows: Count VII, first degree murder; Count VIII, second degree murder; Count IX, third degree assault; Count X, using a dangerous weapon during a third degree assault; Count XI, third degree assault; and Count XII, using a dangerous weapon during a third degree assault

[3] Counts IV and X of the Second Amended Information were dismissed because Counts III and IX were reduced to "simple assault" and simple assault is not a "crime of violence" under V.I. CODE ANN. tit. 14 § 2253(d)(1) and V.I. CODE ANN. tit. 23 § 451(e), as amended.

jeopardy issues at sentencing, the Court merged Counts III and IX with Counts V and XI of the Second Amended Information pursuant to *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). The Court, however, declined to merge Counts V and XI with ·Counts VI and XII for sentencing purposes. In its Order dated June 10, 2009, the Court scheduled sentencing for Monday, July 13, 2009.[4] The Court later continued sentencing to Monday, July 27, 2009 to accommodate counsel for Defendant Thomas.

On Monday, July 27, 2009, the Court heard allocution and recommendation by the parties' respective counsel. Defendant Thomas was given an opportunity to address the Court and he made a statement. Thereafter, the Court sentenced Defendant Thomas as follows: Count IX, simple assault,[5] six (6) months incarceration; Count XI, third degree assault, forty-eight (48) months incarceration with all suspended *except* thirty (30) months; Count XI ran *concurrently with Count IX* and Defendant Thomas was fined in the amount of $1,500.00 on Count XI; Count XII, using a dangerous weapon during third degree assault, twelve (12) years incarceration with all suspended *except* ten (10) years of which seven and one half (7 ½) years are mandatory; the 2 1/2 years on Count XI ran consecutively with the 10 years on Count XII; Defendant Thomas was fined in the amount of $10,000.00 on Count XII pursuant to V.I. CODE ANN. tit. 14 § 2251(a)(2)(B); and Defendant Thomas was assessed $75.00 court costs.[6] Additionally, the Court advised Defendant Thomas of his right to appeal and Defendant Thomas filed a Notice of Appeal on August 3, 2009.[7]

On August 20, 2009, the People moved the Court for an evidentiary hearing in the companion case styled and docketed *People of the Virgin Islands v. Jahlil Ward*, ST-08-CR-264. In its motion, the People apprised

---

[4] On June 24, 2009, counsel for Defendant Thomas filed a Motion for Continuance of Sentencing Date wherein he requested that the Court continue sentencing due to an irreconcilable scheduling conflict. Specifically, defense counsel averred that he was ordered to appear in the District Court of the Virgin Islands at 9:00 a.m. on July 13, 2009 for a jury selection and trial in the matter docketed *United States v. Nathanial Thomas*, Crim. No. 08-20.

[5] In its Memorandum Opinion dated June 10, 2009, the Court reduced Count IX, third degree assault, to simple assault.

[6] *See* Judgment and Commitment dated August 5, 2009.

[7] Defendant Thomas filed a *Pro Se* Notice of Appeal on August 4, 2009.

the Court of several "startling" discoveries. Specifically, counsel for the People informed the Court that Kenneth Rawlins and Aaron Ferguson, witnesses for the People, in connection with the matter styled *People of the Virgin Islands v. Jahlil Ward*, ST-08-CR-264 and the case *sub judice*, were paid by the victim's family.[8] This late revelation was quite disturbing since Mr. Kenneth Rawlins was a key witness who secured Defendant Thomas' conviction.

On August 31, 2009, Defendant Thomas filed a Motion for New Trial Based on Newly Discovered Evidence and An Opposition to Evidentiary Hearing *In Camera* wherein defense counsel argued that the People's shocking discovery warranted a new trial. Defendant Thomas also contended that an *in camera* hearing would violate his Sixth Amendment right to a public trial. On Friday, September 4, 2009, this matter came on for a status hearing on the parties' pending motions, after which, the Court ruled that both Defendant Thomas and Defendant Boston would be given new trials. The Court memorialized this ruling in its Order dated September 9, 2009.[9]

On Monday, March 22, 2010, this matter commenced for the second jury selection and trial. Later that day, the People began its case in chief. On Tuesday, March 23, 2010, the People rested and Defendant Thomas made an oral motion for judgment of acquittal on all counts of the Second Amended Information pursuant to FED. R. CRIM. P. 29 and argued in support of the motion on the record.[10] Counsel for the People opposed Defendant Thomas' motion and the Court, viewing the evidence in the light most favorable to the People, denied Defendant Thomas' request for acquittal. Defendant Thomas then presented his case and rested. Counsel for the People presented rebuttal witnesses, after which, Defendant Thomas renewed his Rule 29 request. The Court, being duly advised in

---

[8] In the People's Motion for Evidentiary Hearing dated August 20, 2009, counsel for the People asserted that both Mr. Kenneth Rawlins and Mr. Aaron Ferguson received approximately Five Thousand and 00/100 Dollars ($5,000.00) each from the Cockayne family after testifying in the matters *People of the Virgin Islands v. Anselmo Boston & Kamal Thomas*, Crim. No. F307/07 and F298/07 and *People of the Virgin Islands v. Jahlil Ward*, Crim. No. F264/08.

[9] Although the Court originally consolidated this matter with the case styled *People of the Virgin Islands v. Jahlil Ward*, ST-08-CR-264, the cases were subsequently severed.

[10] Counsel for Defendant Thomas did not raise any constitutional challenges against V.I. CODE ANN. tit. 14 § 1510(a)(2) at that time.

the premises, denied Defendant Thomas' motion on Counts IV, V, VI and VII, however, the Court informed counsel for Defendant Thomas that it will reserve its denial on Defendant Thomas' motion for judgment of acquittal on Count VIII of the Second Amended Information. The Court then heard closing arguments and the jury was given its final instructions. Thereafter, the jury retired to deliberate. Later, the jury informed the Court that it had reached a verdict. The verdict was read in open court and Defendant Thomas was found "Guilty" on Counts IV, V, VI, VII and VIII of the Second Amended Information.

Following the reading of the verdicts, the jury was polled. Each juror confirmed that the verdict, as read, represented his/her voluntary decision. The jurors were then thanked and discharged. Thereafter, the Court instructed counsel for the parties to submit memoranda on or before April 26, 2010 advising the Court as to whether Count VIII of the Second Amended Information is unconstitutionally vague and must be stricken. Counsel for the People then moved the Court to remand Defendant Thomas to the Bureau of Corrections. The motion was granted and Defendant Thomas was remanded pending sentencing.

## II. STANDARD OF REVIEW FOR JUDGMENT OF ACQUITTAL

█ A court must "review the record in the light most favorable to the prosecution" when considering a FED. R. CRIM. P. 29[11] post-verdict motion for judgment of acquittal. *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001). In reviewing the record, a court must therefore determine whether "any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *Id.*

---

[11] *Rule 29. Motion for a Judgment of Acquittal*

(c) AFTER JURY VERDICT OR DISCHARGE.

(2) *Ruling on the Motion.* If the jury has returned a guilty verdict, the court may set aside the verdict and enter a judgment of acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

FED. R. CRIM. P. 29 is made applicable to the Superior Court by SUPER. CT. R. 7. SUPER. CT. R. 7 states:

*Rule 7. Practice in the Superior Court*

The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

Additionally, the court is required to "draw all reasonable inferences in favor of the jury's verdict." *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996).

## III. STANDARD OF REVIEW FOR A NEW TRIAL

■ SUPER. CT. R. 135[12] and FED. R. CRIM. P. 33[13] govern motions for new trials. Hence, a trial court's decision on a motion for new trial is discretionary and turns on whether the verdict is contrary to the weight of the evidence. Further, a trial court may set aside the verdict and order a new trial if it ascertains that the verdict constitutes a miscarriage of justice. (*See United States v. Bevans*, 728 F. Supp. 340, 343 (E.D. Pa. 1990); *U.S. v. Petersen*, 2009 U.S. Dist. LEXIS 2863 (D.V.I. 2009); *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 762 (3d Cir. 1982)). Motions for a new trial are generally not favored and therefore should be granted "sparingly and only in exceptional circumstances." *Government of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).

■ Notwithstanding the surfeit of cases supporting the general standard of review for a motion for new trial, the standard changes when a

---

[12] SUPER. CT. R. 135 provides:
Rule 135. New Trial

The court may grant a new trial to a defendant if required in the interest of justice. The court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment. A motion for a new trial based on other grounds shall be made within 10 days after finding of guilty, or within such further time as the court may fix during the 10-day period. In no event shall this rule be construed to limit the right of a defendant to apply to the court for a new trial on the ground of fraud or lack of jurisdiction.

[13] FED. R. CRIM. P. 33:

 (a) DEFENDANT'S MOTION. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

 (b) TIME TO FILE.

 (1) *Newly Discovered Evidence.* Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case.

 (2) *Other Grounds.* Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

defendant requests a new trial *based on the argument that the jury's verdict is against the weight of the evidence. Stevens v. Virgin Islands*, 52 V.I. 294, 305 (V.I. 2009). Under the *Stevens* standard, a trial court assumes a more active role when considering a motion for new trial. *Id.* Specifically, a trial court can order a new trial only if: (i) the jury verdict is contrary to the weight of the evidence; *and* (ii) it believes that there is a serious danger that a miscarriage of justice has occurred. *Id. Ergo*, when reviewing motions for a new trial, a trial court is required to guard against the conviction of innocent persons. *Id.*

## IV. ANALYSIS

The issues to be resolved by this Court are: (1) whether Defendant Thomas has standing to raise a "vagueness" challenge regarding V.I. CODE ANN. tit. 14 § 1510(a)(2) [Count VIII of the Second Amended Information]; (2) whether V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to Defendant Thomas, is unconstitutional under the "void for vagueness" doctrine; (3) if V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to Defendant Thomas, *is* constitutional, must a judgment of acquittal be granted on Count VIII of the Second Amended Information; and (4) whether juror misconduct prevented Defendant Thomas from enjoying his constitutionally protected right to a fair trial.

### A. DEFENDANT THOMAS HAS STANDING TO RAISE A "VAGUENESS" CHALLENGE REGARDING V.I. CODE ANN. TIT. 14 § 1510(a)(2) [COUNT VIII OF THE SECOND AMENDED INFORMATION].

The "overbreadth" doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002). A statute is "void for vagueness" if it "forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926).

■ ■ The "vagueness" doctrine is similar but not identical to the doctrine of "overbreadth."[14] Notwithstanding the fact that both doctrines can nullify an ambiguous law that "chills" protected First Amendment activities, the "void for vagueness" doctrine has its roots in the due process clause because it was designed to guarantee fair notice and nondiscriminatory application of laws. (*See Waterman v. Farmer*, 183 F.3d 208, 212 n. 4 (3d Cir. 1999)). In other words, the "void for vagueness" doctrine was spawned from the Fourteenth Amendment due process clause[15] because it was thought unfair to punish persons for conduct which they had no notice could subject them to criminal punishment. (*See San Filippo v. Bongiovanni*, 961 F.2d 1125 (3d Cir. 1992); *Rode v. Dellarciprete*, 845 F.2d 1195, 1200 (3d Cir. 1988).)[16]

■ When compared to the doctrine of "overbreadth," the "void for vagueness" doctrine has more stringent "standing" rules. According to the "void for vagueness" doctrine, the person raising the challenge is required to show that *he himself* and/or *she/herself* (emphasis added) has been injured by the overly broad language. (*See Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 225 (3d Cir. 2004)). The "vagueness" doctrine, in no uncertain terms, indicates that "if the challenged regulation clearly applies to the challenger's conduct, he cannot challenge the regulation for facial vagueness." *Id.* This is because the individual would lack "standing." In stark contrast, the doctrine of "overbreadth" allows *a person, who is not himself/herself injured, to raise the constitutional rights of others.* (*See Kreimer v. Bureau of Police*, 958 F.2d 1242, 1268 (3d Cir. 1992).)

---

[14] *See Kolender v. Lawson*, 461 U.S. 352, 358 n. 8, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983) (explaining that the "void for vagueness" doctrine and the doctrine of "overbreadth" are traditionally viewed as logically related and similar doctrines).

[15] The due process clause of the Fourteenth Amendment to the U.S. Constitution is made applicable to the U.S. Virgin Islands through Section 3 of the Revised Organic Act of 1954 (as amended) and codified at 48 U.S.C. § 1613.

[16] It is important to note that the void for vagueness doctrine has been extended to civil cases. However, *when a criminal statute is challenged a higher degree of specificity is required. (See Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99, 102 S. Ct. 1186, 1193, 71 L. Ed. 2d 362 (1982)). In *Village of Hoffman Estates*, the court held that "[l]esser degrees of specificity are required to overcome a vagueness challenge in the civil context than in the criminal context . . . because the consequences in the criminal context are more severe." (*See also A.B. Small Co. v. American Sugar & Refining Co.*, 267 U.S. 233, 45 S. Ct. 295, 69 L. Ed. 589 (1925); *Boutilier v. Immigration & Naturalization Serv.*, 387 U.S. 118, 87 S. Ct. 1563, 18 L. Ed. 2d 661 (1967).)

In the case *sub judice*, Defendant Thomas contends that V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to him, is facially vague because it lacks a *scienter* element and thus prohibits an act in such vague or omitted terms that reasonable persons are left to guess as to the statute's meaning and differ as to its application. Before the Court can address whether V.I. CODE ANN. tit. 14 § 1510(a)(2) is "void for vagueness," it must first determine whether Defendant Thomas has "standing" to challenge the "vagueness" of the statute.

According to *Government of the Virgin Islands v. John*, 159 F. Supp. 2d 201, 204 (D.C.V.I. 1999), whenever a court is called upon to wrestle with the issue of a defendant's standing to challenge a statute under the "void for vagueness" doctrine, the court is required to analyze the particular facts of the case against the defendant and satisfy itself that the defendant has standing to challenge the disputed legislation. If a defendant's conduct arguably did not fall within the terms of the statute, the court must find that the defendant has standing to challenge the vagueness of the statute. *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32-33, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963). Defendant Thomas argues that he has standing to challenge V.I. CODE ANN. tit. 14 § 1510(a)(2) because he was injured by the statute's overly broad language. Specifically, Defendant Thomas contends that he has "standing" to challenge V.I. CODE ANN. tit. 14 § 1510(a)(2) since he was charged with and subsequently convicted of the proscribed conduct, "threatening a witness," under the statute.

On August 3, 2007, the People sought to have Defendant Thomas arrested for "Retaliation Against a Witness" in violation of V.I. CODE ANN. tit. 14 § 1510(a)(2) and submitted a Petition for Issuance of Arrest Warrant. In support of its Petition, the People attached an affidavit executed by Sergeant Clayton Brown of the Virgin Islands Police Department. In his affidavit, Sergeant Brown avers the following: "On July 31, 2007 at about 8:15 p.m. Mr. Kenneth Rawlins was in the area of Cruz Bay, St. John walking between First Bank and Subway Restaurant when he (Kenneth Rawlins) heard someone yell out to him 'I'll f--k[17] you up too.' Mr. Kenneth Rawlins then stated that since he was alone he

---

[17] Expletive deleted.

turned and saw a young black male known to him as 'Six-Pack' pointing to him and stating several times 'I'll f--k[18] you up too.' "

Based on Sergeant Brown's assertions, the People posited that probable cause existed to charge Defendant Thomas with "Retaliation Against a Witness." After Defendant Thomas' arrest, he was formally charged with two counts of threatening a witness, in violation of V.I. CODE ANN. tit. 14 § 1510(a)(1) and V.I. CODE ANN. tit. 14 § 1510(a)(2), in the above styled matter. Specifically, Count VII and Count VIII of the Second Amended Information charged Defendant Thomas as follows:

## COUNT SEVEN

On or about July 31, 2007, in St. John, Virgin Islands, **KAMAL THOMAS**, used force, threat or intimidation against a person, who was called or is to be called as a witness at a trial, proceeding, inquiry or investigation authorized by law relating to a felony, i.e. third degree assault, with intent to influence or prevent the testimony of such person or in retaliation for any testimony given, or any record, document or other object produced by such person, to wit: KAMAL THOMAS shouted, "I will f--k[19] you up too," to a person who will be called as a witness in the assault trial, provided information relating to a felony, i.e. third degree assault trial, *People of the Virgin Islands vs. Kamal Thomas*, Criminal No. F298/2007, in violation of V.I. CODE ANN. tit. 14 § 1510(a)(1).
**[THREATENING A WITNESS]**

## COUNT EIGHT

On or about July 31, 2007, in St. John, Virgin Islands, **KAMAL THOMAS**, used force, threat or intimidation against any person, who provided information relating to a felony, i.e. third degree assault, to a law enforcement officer or other employee of the local or federal government who is responsible for investigating or prosecuting offenses, to wit: he threatened a person who is to be called as a witness in the assault trial, *People of the Virgin Islands vs. Kamal Thomas*, Criminal No. F298/2007, in violation of V.I. CODE ANN. tit. 14 § 1510(a)(2).

---

[18] Expletive deleted.
[19] Expletive deleted.

## [THREATENING A WITNESS]

■ With respect to Count VIII, the record is bereft of any evidence showing that Defendant Thomas *knew*, at the time he shouted the expletives, that Mr. Rawlins was either a witness in this matter or that he (Mr. Rawlins) provided information regarding a felony to a law enforcement officer. V.I. CODE ANN. tit. 14 § 1510(a)(2), "on its face," does not require the person making the threat to have knowledge of the victim's "witness" or "potential witness" status, to wit: knowledge that the victim provided information regarding a felony to a law enforcement officer. Accordingly, Defendant Thomas has standing to challenge V.I. CODE ANN. tit. 14 § 1510(a)(2) for vagueness.

### B. V.I. CODE ANN. TIT. 14 § 1510(a)(2), AS APPLIED TO DEFENDANT THOMAS, IS *NOT* UNCONSTITUTIONAL UNDER THE "VOID FOR VAGUENESS" DOCTRINE BECAUSE THE RULE OF STATUTORY CONSTRUCTION AND APPLICABLE CASE-LAW PERMIT A "SMUGGLED-INTENT" THEORY.

■ Standing having been established, the Court now considers the constitutionality of V.I. CODE ANN. tit. 14 § 1510(a)(2). Defendant Thomas contends the statute's "vagueness" operates to infirm his right to due process. "Due process" simply requires that a penal statute give persons of "common intelligence" fair notice about "what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S. Ct. 618, 83 L. Ed. 888 (1939); *Artway v. Attorney Gen.*, 81 F.3d 1235, 1269 (3d Cir. 1996).

■ The "due process" clause of the Fourteenth Amendment to the U.S. Constitution is made applicable to the U.S. Virgin Islands through Section 3 of the Revised Organic Act of 1954, as amended, and codified at 48 U.S.C. § 1613. The U.S. Supreme Court has repeatedly held that *unconstitutionally vague criminal statutes must be stricken because a defendant in a criminal prosecution must, inter alia, be apprised and/or informed of the nature and cause of the accusation(s) against him. Cf. Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S. Ct. 618, 83 L. Ed. 888 (1939).

■ Defendant Thomas maintains that V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to him, is impermissibly vague "on its face" because it impermissibly relieves the People's burden of proving

*scienter*[20] or *mens rea* and prescribes punishment to a defendant who uses force, threat or intimidation against any person (victim) who provides information relating to a felony to a law enforcement officer *even if the defendant does not know that the person (victim) provided information to a law enforcement officer*. V.I. CODE ANN. tit. 14 § 1510(a)(2) provides:

### § 1510. Retaliating against or threatening a witness

(a) Whoever—

(2) uses force, threat, or intimidation against any person who provides information relating to a felony (as defined in section 2 of this title), to a law enforcement officer or other employee of the local or federal government who is responsible for investigating or prosecuting offenses — shall be fined not more than $2,000, or imprisoned not more than ten years, or both.

In defense of the constitutionality of the statute at issue, the People submitted a Memorandum of Law on V.I. CODE ANN. tit. 14 § 1510(a)(2). In its Memorandum, the People point to the holdings in *Morissette v. United States*, 342 U.S. 246, 247, 72 S. Ct. 240, 242, 96 L. Ed. 288 (1952), *U.S. v. X-Citement Video, Inc.*, 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994) and several other cases.

In *Morissette v. United States*, Morissette went hunting on private government property and subsequently came across what he believed, to be abandoned spent bomb casings. Because Morissette thought the casings may be of some value, he loaded three tons of the casings onto his truck, had them flattened at a nearby farm and later sold the casings at market for $84. *Id.* at 247. Thereafter, Morissette was indicted under 18 U.S.C. § 641 for the charge that he did "unlawfully, willfully and knowingly steal and convert property of the United States in the value of $84." *Id.* at 247-248.

According to 18 U.S.C. § 641:

### § 641. Public money, property or records

---

[20] The term *scienter* is Latin and means "knowingly" or in full knowledge and understanding. A degree of knowledge that makes a person legally responsible for the consequences of his/her act or omission; the fact of an act's having been done knowingly, esp. as a ground for civil damages or criminal punishment. *See knowledge*; *mens rea*. (BLACK'S LAW DICTIONARY 1463 (9th ed. 2004)).

Whoever embezzles, steals, purloins, or **knowingly** converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof . . . [s]hall be fined under this title or imprisoned not more than ten years, or both . . .

Morissette argued that he believed the casings were abandoned, hence the requisite intent was lacking under 18 U.S.C. § 641. The trial court nevertheless convicted Morissette and sentenced him to imprisonment for two (2) months or to pay a fine of $200. *Id.* at 248. The Court of Appeals affirmed. *Id.* Certiorari was granted and the U.S. Supreme Court was asked to decide whether the failure of section 641 to attach a requisite *scienter* to the verbs "embezzles, steals and purloins" eliminated the element of intent from those crimes. *Id.* at 260. In its lengthy opinion, the U.S. Supreme Court noted that the verbs "embezzles, steals and purloins" in section 641 are "in company" with the crime of conversion and therefore shares the intent attached to conversion. *Id.* at 269. As a result, the U.S. Supreme Court held that a defendant must "knowingly" embezzle, steal or purloin property of the United States in order to fall within the bounds of § 641. *Id.*

Similarly, in *U.S. v. X-Citement Video, Inc.* the U.S. Supreme Court decided that the term "knowingly" in a statute's subsection can be applied to the words and/or phrases within a sub-part of that same subsection. *X-Citement Video, Inc.*, 513 U.S. at 68. Specifically, the U.S. Supreme Court held that the term "knowingly" in 18 U.S.C. § 2252(a)(1) modified the phrase "the use of a minor" in sub-part (A) of subsection (1). *Id.* (*See* 18 U.S.C. § 2252(1)(A)). The same rationale was applied to 18 U.S.C. § 2252(a)(2).

In *United States v. Tyler*, 281 F.3d 84 (3d Cir. 2002), a jury convicted Tyler of violating 18 U.S.C. § 1512, a witness tampering statute, by murdering a potential federal witness. On appeal, Tyler argued, *inter alia*, that although sections (a)-(b) of section 1512 each contains state-of-mind requirements on a defendant's intent to obstruct justice, 18 U.S.C. § 1512 expressly relieved the prosecution from proving a defendant's state of mind about the federal nature of the proceeding (section 1512(f)(1)) or that the law enforcement officer is acting on behalf of the federal

336

government (section 1512(f)(2)). *Id.* at 91. Tyler therefore contended that the failure to include *mens rea* requirements for the elements in subsection (f) of § 1512 provides no guidance for conviction, violates the due process clause of the Fifth Amendment and renders 18 U.S.C. § 1512 *void for vagueness. Id.* at 91.

In determining the constitutionality of 18 U.S.C. § 1512 and, ultimately, affirming Tyler's conviction, the Court of Appeals for the Third Circuit questioned whether Tyler possessed "standing" to challenge the statute's alleged "vagueness" because the evidence presented at trial demonstrated that Tyler *knew* the victim would be testifying against his brother in a federal prosecution, thereby making Tyler's conduct directly prohibited by the statute. *Id.* at 91-92. Furthermore, the court held that Tyler's vagueness challenge lacked merit because the prosecution proved Tyler's conduct constituted a federal crime and that Tyler communicated with federal officers. *Id.* at 92. Additionally, the court found that Tyler did not have to know that the law enforcement officers were federal agents. *Id.* at 92. *Cf. United States v. Bell*, 113 F.3d 1345, 1348 (3d. Cir. 1997).

Given the court holdings in *Morissette, X-Citement Video, Inc.* and *Tyler*, the People suggest that V.I. CODE ANN. tit. 14 § 1510(a)(2) be construed in line with constitutional requirements implying "some form of *scienter* . . . so as to avoid substantial constitutional questions that would lead to striking down [V.I. CODE ANN. tit. 14 § 1510(a)(2)] as unconstitutional." (*See* People's Memorandum of Law on V.I. CODE ANN. tit. 14 § 1510(a)(2) dated April 26, 2010 at p. 6). In its Memorandum of Law on V.I. CODE ANN. tit. 14 § 1510(a)(2), counsel for the People suggests that the Court "smuggle" the element of intent from V.I. CODE ANN. tit. 14 § 1510(a)(1) to V.I. CODE ANN. tit. 14 § 1510(a)(2) in order to avoid a constitutional challenge and for "clarification." (*See* People's Memorandum of Law on V.I. CODE ANN. tit. 14 § 1510(a)(2) dated April 26, 2010 at p. 7).

V.I. CODE ANN. tit. 14 § 1510(a)(1) states in pertinent part:

**§ 1510. Retaliating against or threatening a witness**
(a) Whoever—

(1) uses force, threat, or intimidation against any person called or to be called as a witness at any trial, proceeding, inquiry or investigation authorized by law relating to a felony (as defined in section 2 of this title), **with intent to influence or prevent the testimony of such per-**

**son or in retaliation for any testimony given, or any record, document or other object produced by such person** — shall be fined not more than $2,000, or imprisoned not more than ten years, or both.

The People propose the following statutory construction for Section 1510(a)(2):

> Whoever [**knowingly**] uses force, threat, or intimidation against any person who provides information relating to a felony (as defined in section 2 of this title), to a law enforcement officer or other employee of the local or federal government who is responsible for investigating or prosecuting offenses — shall be fined not more than $2,000, or imprisoned not more than ten years, or both.
>
> (*See* **People's Memorandum of Law on V.I. CODE ANN. tit. 14 § 1510(a)(2) dated April 26, 2010 at p. 7**).

While the People's analysis regarding the "smuggling" of the *scienter* element from V.I. CODE ANN. tit. 14 § 1510(a)(1) to V.I. CODE ANN. tit. 14 § 1510(a)(2) is well founded, the Court rejects the People's proposed placement for the *scienter* element because the People's imposed *scienter* element goes to the defendant's use of *force, threat* or *intimidation* against his/her victim **instead of a defendant's *scienter* or knowledge regarding the victim providing information to law enforcement officers**. The proper placement of the *scienter* element at V.I. CODE ANN. tit. 14 § 1510(a)(2) should therefore read:

> Whoever uses force, threat, or intimidation against any person ***knowing that the person*** provided information relating to a felony (as defined in section 2 of this title), to a law enforcement officer or other employee of the local or federal government who is responsible for investigating or prosecuting offenses — shall be fined not more than $2,000, or imprisoned not more than ten years, or both.

 In addition to the applicability and viability of the "smuggling" intent requirement, the general principles of statutory construction do not render a statute unconstitutionally "vague" simply because a term is not defined.[21] In fact, courts generally favor the

---

[21] *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926). (*See also Hunt v. Government of the Virgin Islands*, 46 V.I. 534, 537 (D.V.I. 2005) (holding

validation of statutes raising constitutional concerns. *Cf. Holy Trinity Church v. U.S.*, 143 U.S. 457, 461, 12 S. Ct. 511, 512, 36 L. Ed. 226 (1892); *Jefferson Construction Overseas, Inc. v. Government of the Virgin Islands*, 237 F. Supp. 125 (D.C.V.I. 1964).

 Chief Justice Hughes once declared that "the cardinal principle of statutory construction, is to save and not to destroy." *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 30, 57 S. Ct. 615, 81 L. Ed. 893 (1937). (*See also* 85 Geo. L.J. 1945 (1997)). Moreover, the U.S. Supreme Court has repeatedly held that "as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, [the Court's] plain duty is to adopt that which will save the act." *NLRB*, 301 U.S. at 30.

 In other words, courts will not adopt a construction of a statute which would raise novel and important questions as to its constitutionality *where the case may justly and reasonably be decided under a construction by which the statute is clearly constitutional*. *Jefferson Construction Overseas, Inc. v. Government of the Virgin Islands*, 237 F. Supp. 125 (D.C.V.I. 1964). (*See also Federal Trade Commission v. American Tobacco Co.*, 264 U.S. 298, 307, 44 S. Ct. 336, 337, 68 L. Ed. 696, 32 A.L.R. 786; *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 390, 44 S. Ct. 391, 395, 68 L. Ed. 748; *Missouri Pacific R.R. Co. v. Boone*, 270 U.S. 466, 472, 46 S. Ct. 341, 343, 70 L. Ed. 688; *Blodgett v. Holden*, 275 U.S. 142, 148, 48 S. Ct. 105, 72 L. Ed. 206; 276 U.S. 594, 48 S. Ct. 105, 107, 72 L. Ed. 206; *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 346, 48 S. Ct 194, 198, 72 L. Ed. 303; *Port Construction Co. v. Government of the Virgin Islands*, 359 F.2d 663, 5 V.I. 549 (3d Cir. 1966); *Antilles Surveys, Inc. v. De Jongh*, 358 F.2d 787, 5 V.I. 560 (3d Cir. 1966)).

 This Court cannot say that the legislature intended the aberrant results that would follow from a literal and formalistic application of V.I. Code Ann. tit. 14 § 1510(a)(2). Therefore, the Court refuses to "pave the way" for standardless sweeps in judgment by law enforcement factions and *will not deviate from the surfeit of cases favoring a constitutional and/or "valid" construction of V.I. Code Ann, tit. 14 § 1510(a)(2).*

---

"a criminal statute is impermissibly vague . . . [if] it fails to give fair notice of the conduct which would subject one to penal consequences and where it sets no standard for its enforcement.")).

Hence, the Court will construe V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to Defendant Thomas, as follows:

> Whoever uses force, threat, or intimidation against any person *knowing that the person* provided information relating to a felony (as defined in section 2 of this title), to a law enforcement officer or other employee of the local or federal government who is responsible for investigating or prosecuting offenses — shall be fined not more than $2,000, or imprisoned not more than ten years, or both.

■ Accordingly, V.I. CODE ANN. tit. 14 § 1510(a)(2) is *not* unconstitutional under the "void for vagueness" doctrine.

### C. NOTWITHSTANDING THE CONSTITUTIONALITY OF V.I. CODE ANN. TIT. 14 § 1510(a)(2), A JUDGMENT OF ACQUITTAL MUST BE GRANTED ON COUNT VIII OF THE SECOND AMENDED INFORMATION.

Even if V.I. CODE ANN. tit. 14 § 1510(a)(2), as applied to Defendant Thomas, is declared to be in line with constitutional requirements, a judgment of acquittal must nonetheless be granted on Count VIII of the Second Amended Information because the People did not prove each element of the offense recited therein including the "smuggled" *scienter* element beyond a reasonable doubt at trial and the jury was not duly instructed regarding a *scienter* element.

■ Unlike *Tyler, supra*, V.I. CODE ANN. tit. 1510(a)(2) does *not* expressly relieve the People from proving Defendant Thomas' state of mind for the offense of "Threatening a Witness." Further, the aged "reasonable-doubt standard of criminal law has constitutional stature and due process protects an accused against conviction *except upon proof beyond reasonable doubt of every element necessary to constitute crime with which he is charged.*" *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072, 25 L. Ed. 2d 368 (1970). Accordingly, *the due process clause requires that the prosecution prove the mental state of an accused beyond a reasonable doubt. Id.*

■ Here, the prosecution failed to prove that Defendant Thomas *knew* (emphasis added) Mr. Kenneth Rawlins had provided information relating to a felony to a law enforcement officer on the date he (Mr. Rawlins) was threatened as charged in Count VIII of the Second Amended Information. Significantly, the People neither pled nor proved the element of *scienter* that it now contends and the Court readily agrees, was required to be "smuggled" from V.I. CODE ANN. tit. 14 § 1510(a)(1).

340

Further, the jury was not instructed on the requisite *scienter* under V.I. CODE ANN. tit. 1510(a)(2) [Count VIII of the Second Amended Information]. In *U.S. v. Dobson*, 419 F.3d 231 (3d Cir. 2005), the Court of Appeals for the Third Circuit upheld *In re Winship* and its progeny by ruling that plain error existed where a jury was not instructed that in order to convict the defendant on mail fraud charges, it must find that the defendant *in fact knew* of her employer's alleged fraudulent scheme. The court in *Dobson* reversed the defendant's conviction because it reasoned that there existed a reasonable likelihood that the jury applied an erroneous instruction on the defendant's mail fraud charges in such a manner that resulted in an unconstitutional conviction. *Id.*

 Other courts have also held that a statute which does not expressly set out a *mens rea* element is not constitutionally infirm *as long as the jury is instructed on the mens rea requirement. Van Sant v. State*, 523 N.E.2d 229 (Ind. App. 1988); *Richards v. State*, 461 N.E.2d 744, trans. denied (Ind. App. 1984) (*scienter* element read into statute); (*See also, Peters v. State*, 449 N.E.2d 311 (Ind. App. 1983)). In the case *sub judice*, even if the *scienter* element was "smuggled" from V.I. CODE ANN. tit. 14 § 1510(a)(1) to V.I. CODE ANN. tit. 14 § 1510(a)(2) that element was neither pled, proven nor instructed. Therefore, Defendant Thomas is entitled to a judgment of acquittal on Count VIII of the Second Amended Information.[22]

### D. JUROR MISCONDUCT *DID NOT* PREVENT DEFENDANT THOMAS FROM ENJOYING HIS CONSTITUTIONALLY PROTECTED RIGHT TO A FAIR TRIAL.

In a "last ditch" effort to secure a mistrial or new trial, Defendant Thomas invokes his Sixth Amendment right to a fair trial before an impartial jury and submits that the Court abused its discretion by failing "to either disqualify Juror #6 (the foreperson) or to inform Defendant that said juror was the subject of a motion for new trial in *People v. John J. Gumbs*, CR-08-480 for juror misconduct." (*See* Defendant Thomas'

---

[22] Notwithstanding a jury instruction on the requisite intent for V.I. CODE ANN. tit. 14 § 1510(a)(2), this Court would be required to merge Count VIII of the Second Amended Information into Count VII of the Second Amended Information at sentencing in order to prevent double jeopardy issues. (*See Blockburger v. U.S.*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

Motion for Judgment of Acquittal or in the alternative, A New Trial dated March 26, 2010 at p. 2.) Specifically, Defendant Thomas argues the following:

> This Court was duty bound to either disqualify Juror #6 (the foreperson) of to inform Defendant that said juror was a subject of a motion for a new trial in *People v. John J. Gumbs* CR-08-480 for juror misconduct. Given the many unused peremptory challenges, there is no doubt she would have been stricken. Defendant was therefore denied a fair trial.
>
> **(*See* Defendant Thomas' Motion for Judgment of Acquittal or in the alternative, A New Trial dated March 26, 2010 at p. 2.)**

It its Opposition, the People assert that it "cannot understand what the Defendant is attempting to argue" and contends that "it is clear that the Defendant's counsel and the Public Defender's Office are working together to gang up on Juror #6 . . ."

In *U.S. v. Resko*, 3 F.3d 684, 691 (3d Cir. 1993), the court held that the proper procedure for a court to follow when juror misconduct has been alleged is to: (i) determine whether the misconduct actually occurred; and (ii) determine whether the misconduct, if any, is prejudicial. Significantly, Defendant Thomas does not allege that juror misconduct occurred in the case *sub judice*. Rather, Defendant Thomas contends that Juror #6 committed juror misconduct in *People v. John J. Gumbs*, CR-08-480, a completely unrelated matter. The Court therefore questions Defendant Thomas' standing to raise a juror misconduct claim in the matter styled and docketed *People v. John J. Gumbs*, CR-08-480.

Notwithstanding Defendant Thomas' inability to assert a juror misconduct claim in the case *sub judice* and/or *People v. John J. Gumbs*, CR-08-480, the Court has not made any findings regarding juror misconduct in *People v. John J. Gumbs*, CR-08-480. Hence, all allegations of juror misconduct in *People v. John J. Gumbs*, CR-08-480 remain just that — allegations. Accordingly, juror misconduct in this case is unsubstantiated and *did not* prevent Defendant Thomas from enjoying his constitutionally protected right of a fair trial.

## V. CONCLUSION

Defendant Thomas has "standing" to raise a "void for vagueness" challenge regarding V.I. CODE ANN. tit. 14 § 1510(a)(2) because he is able

to demonstrate how he has been injured by the statute's overly broad language. Although the Court acknowledges Defendant Thomas' "standing" to constitutionally challenge V.I. CODE ANN. tit. 14 § 1510(a)(2), the statute is nonetheless upheld because statutory construction favors validity and applicable case-law permits the required *scienter* to be smuggled from V.I. CODE ANN. tit. 14 § 1510(a)(1). Notwithstanding the constitutionality of V.I. CODE ANN. tit. 14 § 1510(a)(2), Defendant Thomas is nonetheless entitled to a judgment of acquittal on Count VIII of the Second Amended Information because the requisite *mens rea/scienter* was neither pled, proven nor instructed. Accordingly, Defendant Thomas' motion for judgment of acquittal is **GRANTED** with respect to Count VIII of the Second Amended Information. However, the motion for judgment of acquittal or in the alternative, a new trial on all remaining grounds is **DENIED**.